SHEPHARD
v.
LITTLE.

SHEPHARD *against* LITTLE.

<p style="margin-left:2em"><em>Where the consideration of a conveyance is expressed therein, and that it was paid by the grantee or as signee, parol evidence is, not withstanding, admissible to show that it had not been paid. Where the plaintiff assigned a lease to the consideration of which was expressed to be 500 dollars in hand paid, under an agreement that the defendant should sell the term, pay himself a debt due from the plaintiff, and pay over the balance to the plaintiff, in an action or money had and received, to recover the balance of the consideration money of the land, is not precluded by the assignment from showing the circumstances of the case. Assumpsit will lie to recover the consideration money of land sold.</em></p>

IN ERROR to the court of common pleas of the county of
*Oneida.*

This was an action of *assumpsit* for money had and received,
brought by the plaintiff in error against the defendant in error,
which was tried in *December*, 1815, in the court below.

At the trial, the plaintiff offered to prove, that, being in pos-
session of a certain piece of land under a lease for years, and
his interest in the same being worth about five hundred dollars,
and being indebted to one *Babcock* in the sum of about one hun-
dred and eighty dollars, the defendant agreed to advance to the
plaintiff the money to pay *Babcock ;* and the plaintiff, for his se-
curity, agreed to assign him the lease, which the defendant was
to sell, and after deducting from the proceeds the amount paid
to *Babcock*, to pay over the balance to the plaintiff; that the
plaintiff accordingly assigned, under seal, the lease absolutely to
the defendant, that the consideration of the assignment was ex-
pressed therein to be five hundred dollars in hand paid; and
that the defendant, having sold the land, for which he received
five hundred dollars, refused to pay any part thereof to the plain-
tiff. The defendant's counsel objected to this evidence, which
was rejected by the court, and a verdict found for the defendant.
The plaintiff tendered a bill of exceptions, which was removed
into this court by writ of error.

The case was submitted, with a reference to the authorities, without argument.

SPENCER, J., delivered the opinion of the court. The court below proceeded, probably, on the principle, that the assignment contained the written contract of the parties, and that it would be contradicting and varying it, to admit the proof offered. I think they erred, in the application of a well-established rule of law to the case before them.

If a consideration be expressed in a deed of bargain and sale, of the slightest pecuniary nature, it is sufficient ; and it may be doubted whether, in an assignment of a leasehold interest under seal, any consideration whatever is necessary.(a)  It certainly is not in a deed of feoffment, accompanied by livery and seisin.

The case of *Schermerhorn* v. *Vander Heyden*, (1 *Johns. Rep.* 139.) is referred to, to show that the court below decided correctly. If that case is well understood, it warrants no such conclusion. The case of *Preston* v. *Merceau*, (2 *Black. Rep.* 1249.) was cited and relied on by the court. In that case it was decided, that parol evidence was inadmissible to prove an additional rent payable by a tenant, beyond that expressed in a written agreement for a lease, and *Blackstone*, Justice, said, " Here is a positive agreement that the tenant shall pay 26*l.* ; shall we admit proof that it means 28*l.* 12*s.* 6*d.* ?" but, he added, as to collateral matters, it might be otherwise; he might show who is to put the house in repair, or the like, concerning which nothing is said ; but he cannot, by parol evidence, shorten the term, or alter the rent.(b)  In *Maigley* v. *Hauer*, (7 *Johns. Rep.* 342.) we refused to admit parol evidence of a consideration of a different nature from that expressed in the deed of conveyance.

The evidence offered in this case steers clear of the principles adopted in the cases cited. ˙ Here the plaintiff does not attempt to set up a different consideration from that expressed in the deed of assignment. He merely offered to show that it was not paid, and that the amount to be paid him for the assignment was to depend on an event subsequently to happen, to wit, the sale by the assignee of the property assigned.

The foundation of the plaintiff's suit is, in fact and substance,

(a) *Plowden*, 308.
(b) See observations on the case of *Preston* v. *Merceau*, in *Phillip's Evid.* 437. n.

no other than a claim to be paid the consideration money of the sale of the leasehold interest; and we have recognized the principle, that *assumpsit* will lie for lands bargained, sold, and conveyed, and in every deed the consideration is specified and admitted to have been paid in hand.

The date of a deed, and whether the consideration was paid or not, are facts open for inquiry, by parol proof. If notes of hand, which are of no higher nature than verbal promises, and are classed among parol contracts, were given for the consideration money of a conveyance of land, could there be any doubt that such notes would be recoverable, where the deed expressed that the consideration was paid in hand ? Yet it is certain that between the contracting parties, you may inquire into the consideration of a note. If so, then you could show that they were given for the land conveyed, and by showing that the consideration was confessed to be paid by the deed, a recovery would be defeated, by the higher proof arising from the deed. But this is not the case ; and though, when one species of consideration is expressed, you cannot prove another or different one, and although you cannot, by parol, substantially vary or contradict a written contract, yet these principles are inapplicable to a case where the payment or amount of the consideration becomes a material inquiry. It is well established, by repeated decisions in this court, that you may explain a receipt for money ;(*a*) and so you may, in that respect, the receipt of money confessed in a deed.(*b*)

<div align="right">Judgment reversed.</div>

(*a*) Vide *Tobey* v. *Barber*, 5 *Johns. Rep.* 68.   *Monell* v. *Lawrence*, 12 *Johns. Rep.* 531.   But see *Alner* v. *George*, 1 *Campb.* 593.

(*b*) In *Kip* v. *Denniston*, 4 *Johns. Rep.* 23 the court held, that where two trustees had executed a conveyance of land, in which was contained a joint acknowledgment of the receipt of the consideration money, it was competent for one of the trustees to show that the whole of the money went into the hands of the other, and thus exonerate himself from liability.