Johnson, J.
delivered the opinion of the Court.
The authorities cited by the counsel for the motion, sustain very fully the position taken in the ground of the motion, that parol evidence was admissible, to show that the true consideration agreed to be paid by the defendant, for the land conveyed to him by the plaintiff, was $1150, instead of $1100 as expressed in the conveyance. The general rule certainly is, that parol evidence will not be admitted to contradict, alter or vary the terms of a written contract; and the reason of it is, that the writing is supposed to express the true intention of the parties, and is not subject to the frailties of memory. It cannot, therefore, apply to those formula which enter into almost every deed, and which are unnecessary to its validity and binding-effect. In framing the contract, the attention of the parties is necessarily directed to the thing that is to be done or granted, and with respect to these, it will be supposed that they have expressed precisely what was intended; but with respect to things that are immaterial, and without which the contract would be binding, it will not be supposed that these are always stated with reference to the precise state of the facts. A deed, for example, takes effect from the delivery, without reference to the date which it bears, and would be binding although it had no date. So a deed without any. consideration, one merely voluntary, is binding on the grantor; and so whether it express a partial or the full consideration paid. It was not necessary, therefore, to the full and perfect operation of the deed from the plaintiff to the defendant, that it should express the precise consideration agreed to be paid, and it will not be inferred that it was intended to be so expressed.
The King v. The Inhabitants of Scammonden, 3 Term Rep. 474, is directly to the point. An agreement for the purchase of an estate expressed the consideration to be £28, and the question was whether parol evidence was admissible to shew that £30 was the true consideration, and Lord Kenyon said it was clear that the party might prove other considerations than those expressed in the deed, and he referred to the case of *406 Filmer v. Gott, 7 Bro. P. C. 70, where the considerations mentioned in the deed were £10,000 and natural love and affection; and an issue at law was directed, to try whether natural love and affection formed any part of the consideration, the estate being worth £30,000 ; and on an appeal to the House of Lords this was confirmed ; and upon the finding of the jury that natural love and affection did not enter into the consideration, the Lord Chancellor set the deed aside.
So in the case of Sheppard v. Little, 14 Johns. 210, where a consideration of $500 was expressed in a lease, and acknowledged to have been received, the party was let into proof that the money was not in fact paid.
The case of Garrett v. Stewart, 1 M’Cord, 514, is decisive of this. There the consideration expressed in a bill of sale of a negro, was $1,000, and in an action on a warranty of soundness contained in it, the Court held that the defendant might give in evidence that another negro given in exchange was the true consideration.
In the case under consideration, however, the presiding judge rests his judgement upon the proof of the fact that the deed expressed the true consideration, and whatever doubts I may entertain on that question, I am not prepared to say that he is so decidedly wrong as to authorise the Court to set aside his judgement.
His Honor here went into an examination of the facts, and concluded by refusing the motion.
O’Neall and Harper, Js. concurred.