## JAMES JEWETT *vs.* THE TOWN OF ALTON.

BEFORE the 10th of March, 1830, the town of A. purchased of J. J. a farm, a deed of which was executed and delivered by J. J. to the committee authorized by the town to make the purchase, and notes were given by the committee for the purchase money, with the understanding that the town might rescind the contract by a certain time and on certain conditions, which they did; but the deed, by accident, still remained with the committee. At a meeting of the town, on the 10th of March, 1830, said J. J. made proposals to the town to accept the farm; which they accordingly did by a vote to that effect; but at an adjournment of the same meeting, on the 24th of April, 1830, they voted to reconsider the vote of the 10th of March, and on the 8th of April, 1831, they also voted not to accept the farm. Held, that the vote of the town on the 10th of March, 1830, vested the title of the land in the town, and they were liable for the purchase money, according to the contract, notwithstanding their votes of the 24th of April, 1830, and 8th of March, 1831.

When an authority is given by law to three or more persons, it may in general be executed by a major part of the persons to whom it is delegated; but where corporations or individuals give an authority jointly to three or more persons, in order to bind the principal, all the agents must act.

THIS was an action of assumpsit on a note as follows:

"*July* 19, 1830.   For value received, we, the town of 'Alton, by W. Hayes, D. Caverly and H. Hurd, our select-'men, for this purpose duly authorized, promise James Jew-'ett, to pay him $310 the first day of October next, and 'interest from 10th March last.

W. HAYES, } Selectmen
H. HURD,  } of Alton."

There were also counts for money had and received, and for land sold and conveyed.

The cause was tried at January term, 1834, upon the general issue, and verdict taken for the plaintiff, by consent, subject to the opinion of the court upon the following case.

On the 3d November, 1828, the town voted to purchase a farm, and D. Gilman, S. Davis, and S. Cate, were appointed a committee to make the purchase.

On the 19th November, 1828, the committee bought a farm of the plaintiff for $1510: and the plaintiff by deed

of that date conveyed the farm to the town ; and the committee gave the plaintiff notes for the price of the farm.

But a written agreement was made at the same time, that if the town should not accept the farm, and the committee should return the deed to the plaintiff and pay him $5, then the plaintiff should deliver up the notes thus given for the price of the farm.

The committee made a report of their proceedings to the town, at a meeting held on the 10th March, 1829, and left the deed in the custody of the town, where it has ever since remained. At that meeting, the town voted not to accept the farm, and chose a committee to tender the $5 and the deed to the plaintiff.

Immediately after this, the last mentioned committee tendered to the plaintiff the $5, but not having the deed, they made no tender of that. The plaintiff, however, told the committee that as he had not the notes with him it would be of no use to tender the deed.

The notes originally given to the plaintiff were dated November 19, 1828, and were as follows: one for $310, payable the next October ; and four others for $300 each, payable in one, two, three, and four years. And previous to the 10th March, 1830, a suit had been brought on one of these notes.

At a town meeting holden on the 10th March, 1830, the plaintiff made to the town the following proposal : That the town should accept the farm ; that the plaintiff should take the use of the farm during the then last year for the interest on his notes ; that he should pay his own costs in the suit, and give up the notes originally given for the farm ; that the selectmen should in behalf of the town give him new notes for $1510: one note to be $310, payable in October, then next, and four others for $300 each, payable in one, two, three, and four years. And this proposal the town by vote accepted.

The town meeting holden on the 10th March, 1830, was

adjourned to the 24th April, in the same year, when the town voted to reconsider the vote passed as aforesaid on the 10th March, 1830, accepting the said proposal of the plaintiff: but it did not appear that any thing further was done on the subject at that meeting.

On the 19th July, 1830, the plaintiff gave up to the selectmen the notes originally given to him as aforesaid; and the selectmen gave him the note now in suit, and four others, amounting in the whole to $1510, according to the vote of March 10, 1830.

After the 19th July, 1830, and before the commencement of this suit, the deed given by the plaintiff to the town, as aforesaid, and $5, were tendered to the plaintiff.

On the 8th March, 1831, the town voted not to accept the farm.

*Christie*, for the plaintiff.

*I. Bartlett*, for the defendants.

GREEN, J. delivered the opinion of the court. The plaintiff in this case having made a deed of the land to the town, and delivered the same to the agents of the town, the vote of the town on the 10th March, 1830, to accept the land, vested the title to the land in the town absolutely. The deed was made by the plaintiff with a view to vest the land in the town; and when the town had voted to accept the land, the contract was executed, and the town became indebted to the plaintiff for the price of the land, according to the terms on which the town agreed to accept the land.

The price was to be secured to the plaintiff by notes, to be made by the selectmen in the name of the town.

This contract thus made between the town and the plaintiff could not be rescinded at the will of the town. A town has no power to rescind a contract once legally made, any more than an individual has. 6 *Cranch*, 134, 135. It is,

then, clear, that the vote of the town passed on 24th April, 1830, to reconsider the vote of the 10th March, if it could have any operation whatever, could not rescind the contract. And the vote of 8th March, 1831, was also without any legal effect in this respect.

With respect to the note on which this suit is founded, the rule is that when an authority is given by law to three or more persons, it may in general be executed by a major part of the persons to whom it is delegated.

But when individuals or corporations give an authority jointly to three or more persons, in order to bind the principal all the agents must act. *Co. Litt.* 112, *b*—113 *a ; and* 181, *b ; and* 113, *a, note,* 146 ; 3 *Pick.* 244—245 ; 6 *do.,* 202—203 ; *Comyn's Digest, " Attorney", c.* 9, 10, 11.

The note was signed in this case by only two of the selectmen. The authority given by the town was not pursued, and the note is void.

But indebitatus assumpsit lies for land sold and conveyed. 14 *John.* 210, *Shepherd* vs. *Little ; ibid* 165 ; 17 *Mass. R.* 249, *Wilkinson* vs. *Scott ;* 4 *N. H. R.* 232 ; 6 *Cowen,* 445, *Gale* vs. *Nixon.*

And this action may be sustained for that part of the price which was due when this suit was commenced. 5 *N. H. R.* 166 ; 1 *H. Bl.* 547, *Rudder* vs. *Price ; Andrews* 370, *Ashford* vs. *Hand ;* 3 *Mass. R.* 221, *Cooley* vs. *Rose ;* 2 *do.* 283, *Tucker* vs. *Randall.*

        *Judgment for the plaintiff.*