May Term,
1857.

ROCKHILL
v.
SPRAGGS.

ROCKHILL v. SPRAGGS and Others.

When one consideration, and no other, is expressed in a deed, parol evidence is admissible between parties and privies, in the absence of any allegation of fraud or mistake, to prove a different consideration, though the legal effect of the deed be thereby changed.

Where the merits of a cause have been fairly tried and determined, the judgment will not be reversed, although error may have intervened.

*Tuesday,*
*May 26.*

APPEAL from the *Randolph* Common Pleas.

GOOKINS, J.—This was a case of partition, among the heirs of *William Rockhill*, deceased. The plaintiff, *William Rockhill*, jun., was the petitioner; and nine other heirs of the deceased were defendants. The plaintiff, as one of said heirs, claimed partition of lands of which the deceased died seized. The defendants alleged in their answer, that another tract had been conveyed by the deceased, in his lifetime, to the plaintiff, as an advancement, of the value of 1,000 dollars—being more than his proportionate share. The reply denied the advancement, and set forth the deed from the deceased to the plaintiff, which was a conveyance of a tract of land by the father to the son, with covenants of warranty, and against incumbrances, purporting to have been made in consideration of 300 dollars paid by the grantee to the grantor. The reply relies specially upon the estoppel contained in this deed. To this reply, a demurrer was sustained.

On the trial, parol evidence was admitted, against the plaintiff's objection, to show that the land so conveyed was an advancement to the plaintiff, and that, at the time of the conveyance, it was worth more than 300 dollars. Upon this evidence, there was a verdict for the defendants; and over a motion for a new trial, judgment was given accordingly.

The question arising upon the demurrer, and upon the admission of the parol evidence, which are substantially the same, may be stated thus: When one consideration, and no other, is expressed in a deed, is parol evidence, between parties and privies, admissible, in the absence of

any allegation of fraud or mistake, to prove a different consideration?

The authorities upon this question are not uniform. COWEN, J., who delivered the opinion of the Court of Errors of *New York*, in *M' Crea* v. *Purmort*, 16 Wend. 460, examined the question of varying the consideration stated in a deed, by proof *aliunde*, at great length. He reviewed the decisions made in the several states, and arrived at the conclusion that this clause was open to the utmost possible latitude of proof; and that its only office was to give effect to the instrument as a conveyance.

It seems to be fully agreed by all the authorities, that when the conveyance is attacked by a stranger, who seeks to avoid it on the ground of fraud, the consideration expressed to have been paid is but *prima facie* evidence, and in some cases, it is held to be no evidence of the fact recited.

Between parties and privies, the weight of authority is, that this clause in a conveyance is not open to parol proof for the purpose of establishing a trust in favor of the grantor. *Movan* v. *Hays*, 1 Johns. Ch. 339.—*Squire* v. *Harden*, 1 Paige 494.—*Philbrook* v. *Delano*, 29 Maine R. 410. The *English* authorities, in general, go further, and hold that the nature of the consideration stated in a conveyance, is as conclusive as any other part of the deed; and the rule that a contract in writing cannot be changed by parol, is held to apply. The same doctrine was formerly held in *New York*, (*Schermerhorn* v. *Vanderheyden*, 1 Johns. 139.—*Muigley* v. *Hauer*, 7 *id*. 341;) and in *Sheppard* v. *Little*, 14 Johns. 210, SPENCER, J., while holding that the acknowledgement of payment of the consideration contained in a deed, was, like other receipts, not conclusive, distinguishes between that and the proving of a different consideration. The case of *Bowen* v. *Bell*, 20 Johns. 338, followed; and afterwards, *M' Crea* v. *Purmort*, *supra*. In the cases referred to, attempts were made to prove an additional or different consideration, of the same nature with that expressed; that is, if a consideration expressed was valuable, and acknowledged to have been received in money, proof of a further valuable consideration, or that it was payable in property,

May Term,
1857.

ROCKHILL
v.
SPRAGGS.

was offered. In the earlier cases, the proof was excluded; in the later, it was admitted. Such proof was held admissible by this Court in *Dickson* v. *Kelsey*, 3 Blackf. 189, and in *Allen* v. *Lee*, 1 Ind. R. 58. But all these cases, and numerous others, to which reference might be made, fall short of the question here presented. Can a *valuable* consideration be changed into a *good* consideration, by parol? Does such proof, if admitted, alter the legal effect of the instrument? If it does, is it, nevertheless, admissible?

Such proof, it would seem, does change the legal effect of the instrument; a deed made upon a good consideration only, is a voluntary conveyance; while that which is made upon a consideration deemed valuable in law, is of a different character. If it be of the latter kind, the vendor can maintain an action against the vendee, to recover the purchase-money; but in such an action, by a father against his son, if the latter may be allowed to convert a money consideration into natural love and affection, by parol proof, a recovery would be defeated, and the legal effect of the conveyance would be changed.

There are authorities which will permit this to be done. *Wallis* v. *Wallis*, 4 Mass. R. 135, was an action by a son against his father for money had and received. The father, in consideration of 400 dollars, conveyed certain real estate to his son, to have and to hold to him in fee, after the grantor's death. The deed did not show the relationship of the parties. The son, conceiving that he took no estate under the deed, brought his action to recover back the consideration. But the action failed—the Court presuming, from the relationship proved, a consideration of consanguinity, which was sufficient to turn a deed of bargain and sale into a covenant to stand seized to the use of the grantor for life, with remainder to the grantee in fee. This so far changed the legal effect of the deed, as to make that valid and efficient to pass an estate which, without such parol proof, was held to be void. See *Welsh* v. *Foster*, 12 Mass. R. 93. *Gale* v. *Coburn*, 18 Pick. 397; and *Brewer* v. *Hardy*, 22 *id.* 376, are to the same purpose.

*Meeker* v. *Meeker*, 16 Conn. R. 383, is an authority directly in point for the case at bar. A father conveyed land to his son, reciting a money consideration, and no other. The other heirs, after the father's death, set up this conveyance as an advancement to the grantee. Parol testimony to prove it such was objected to, but admitted; and on appeal, the ruling was sustained.

These decisions open the consideration clause in a deed, to the widest possible latitude of proof. They go far to impair the force of the ancient rule, that a written instrument cannot be changed by parol evidence; but the *American* Courts, having generally gone with great unanimity to the extent of admitting evidence of a further consideration in kind, and that a consideration expressed to have been paid, and the grantee therefrom fully released and discharged, was not in fact paid, we do not see any good reason why the proof should be arrested at this point. We hold that the parol evidence was properly admitted, and that the demurrer to the reply was rightly sustained.

It is objected that the appellees were allowed to prove that the value of the land was greater, at the date of the deed, than the consideration expressed. The deed was dated in 1849, and the intestate died before the R. S. of 1852 were in force. The case is, therefore, governed by the R. S., 1843. Section 137, p. 439, provides that, if the value of the estate advanced shall be expressed in the conveyance, or in a charge thereof made by the intestate, or in a receipt given by the person receiving the advancement, it shall be considered as of that value in the division of the estate; otherwise it shall be estimated according to its value when given.

On the question of estoppel, we have already decided that the parol evidence was properly received. Admitting that, under the above quoted section, the consideration of 300 dollars mentioned in the deed, is to be considered the value of the estate advanced, (a point which we do not deem it necessary to decide,) it would be no ground for reversing the judgment.

The jury found the value of the advancement to the

May Term,
1857.

ROCKHILL
v.
SPRAGGS.

plaintiff to be 339 dollars and 50 cents, and that of the residue of the lands to be 2,716 dollars. The complaint states, and the answer admits, that the intestate left a widow who was entitled to dower. If the value of the advancement be added to that of the other lands, the whole estate was worth 3,055 dollars. There were ten heirs including the plaintiff, making each share worth 305 dollars. Take from the whole estate the value of the widow's dower, and 300 dollars, the sum mentioned in the deed, is more than the plaintiff's share. It would not, therefore, benefit the appellant to reverse the judgment. Where the merits of the cause have been fairly tried and determined, a judgment will not be reversed, although error may have intervened. 2 R. S. 1852, p. 163 s. 580.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brown* and *S. Colgrove*, for the appellant.

*W. A. Peelle* and *T. M. Browne*, for the appellees.

---

(1) See Hilliard, Real Prop. ch. 80, ss. 58 to 78, for the whole subject; but especially, see ss. 68, 72, 73, 76, 78—*New York* ed., 1855. It seems from the *American* cases, that the only effect of a consideration clause in a deed, is to estop the grantor from alleging that the deed was executed *without consideration;* and that for every other purpose, it is open to explanation, and may be varied by *parol proof. M' Crea* v. *Purmort,* 16 Wend. 460.—*Taggart* v. *Stanberry,* 2 McLean, 543.—*Wilkinson* v. *Scott,* 17 Mass. 249.—*Bowen* v. *Bell,* 20 Johns. 338.—*Morse* v. *Shattuck,* 4 New Hamp. R. 229.—*Pritchard* v. *Brown,* 4 *id.* 397.—*Buffum* v. *Green,* 5 *id.* 71.—*Belden* v. *Seymour,* 8 Conn. 304.—*Schillinger* v. *McCann,* 6 Greenl. 364.—*O'Neale* v. *Lodge,* 3 Har. and McHen. 433.—*Hamilton* v. *M' Guire,* 3 Serg. and R. 355.—*Weigley* v. *Weir,* 7 *id.* 309.—*Shepherd* v. *Little,* 14 Johns. 210.—*Hutchinson* v. *Sinclair,* 7 Monr. 291, 293.—*Gully* v. *Grubbs,* 1 J. J. Marsh. 388. 390.—*Higdon* v. *Thomas,* 1 Har. and Gill, 139, 145.—*Watson* v *Blaine,* 12 Serg. and R. 131, 137.—*Curry* v. *Syles,* 2 Hill, 404.—*Steele* v. *Worthington,* 2 Ham. 182, 187.—*Swisher* v. *Swisher,* Wright, 755, 756.—*Harvey* v. *Alexander,* 1 Rand. 219.—*Lingan* v. *Henderson,* 1 Bland, 249. See, also, *Clapp* v. *Tirrell,* 20 Pick. 247; *Sparrow* v. *Smith,* 5 Conn. R. 304. But see *Steele* v. *Adams,* 1 Greenl. 1.—*Emery* v. *Chase,* 5 Greenl. 232.—*Dixon* v. *Swiggett,* 1 Har. and Johns. 252.—*Brocket* v. *Foscue,* 1 Ruffin, 54.—S. C. 1 Hawks, 64.—*Spiers* v. *Clay,* 4 Hawks, 22.—*Graves* v. *Carter,* 2 Hawks, 576.—*Griswold* v. *Messenger,* 6 Pick. 517. *W. H. Rawle,* in a note to Smith on Contracts, side p. 13, says that "Although in *America* there is a numerous class of cases deciding that the consideration may, by parol, be shown to be greater or less than is expressed, yet on neither side of the *Atlantic* is such evidence admitted to defeat the legal effect of the deed, as between the parties." He cites *Wilt* v. *Franklin,* 1 Bin. 502; and *Hurn* v. *Soper,* 6 Har. and Johns. 276; and adds that where the rights of creditors intervene, the rule is different.

See, also, the note to side p. 17. *The English* cases are conflicting. *The King* v. *The Inhabitants of Scammonden,* 3 T. R. 474, *per Ld. Kenyon.*—*Rowntree* v. *Jacob,* 1 Taunt. 141.—*Lampon* v. *Corke,* 5 Barnw. and Ald. 606.—*Baker* v. *Dewey,* 1 Barnw. and Cress. 704, (8 E. C. L. 193.) Many of the above cases go far to sustain *Meeker* v. *Meeker,* 16 Conn. R. 383, and the present case. In *M' Crea* v. *Purmort,* (16 Wend. 460,) COWEN, J. said: "The only *embarrassing distinction* which appears to attend the *American* cases, is that suggested by Mr. Justice *Spencer,* in *Shepherd* v. *Little.* It is, that you cannot show a different consideration from that expressed in the deed, though you may show that it is not paid. In *Bowen* v. *Bell,* it is put that a different species of consideration cannot be proved, and that is followed by Mr. Justice *Johnson,* in *Garrett* v. *Stewart,* 1 M'Cord, 514. The instance put by him is, that if the consideration expressed should be a *good* one, as love and affection, you cannot prove a valuable one. In several other cases which I have cited, the judges recognize a similar distinction; but in one sense or another, the cases are a direct departure from it."