Henry Noble, Respondent, v. John Kelly, Sheriff, &c., Appellant.

The sheriff, with three executions in his hands of different dates against one K., levied and seized, at one time and by a single act, upon certain gold coin of the value of $1,000, the property of N. N. brought suit against him, in the nature of trespass, naming him as sheriff, and alleging the wrongful seizure to have been by him, claiming to act as sheriff, " and under color of several pretended executions." The sheriff justified under the executions against K., setting them forth particularly.

Before the trial, N. executed to the sheriff a release, under seal, reciting a consideration of ten dollars, releasing him as sheriff from all manner of action and actions, causes of action, suits, sums of money, trespasses, damages, claims and demands whatsoever, he ever had, then had or might have, "by reason or on account or in consequence of any or all and every of his acts and proceedings under and by virtue or in consequence of the issuance and delivery to him of an execution," describing *one* of the executions in the sheriff's hands at the time of the levy. This release being pleaded by supplemental answer, as a bar to the action and a release of the whole cause of action—*Held*, that it was neither, but operated only as a release of the damages sustained by the plaintiff to the amount of the execution specified, and that the latter was nevertheless entitled to recover as damages, the value of the coin seized after deducting such amount. Woodruff and Mason, JJ., *contra*.

The fact that coin, unlike other property, is, immediately upon levy, applied by force of the statute (2 R. S. 366, § 18), without sale, to the satisfaction of executions in the sheriff's hands in the order of their priority, strengthens this conclusion. Grover, J.

*It seems* that the statute, making a seal *only presumptive* evidence of a consideration, has no application to such a release. Woodruff, J.

(Argued April 1st, 1869, decided June 23d, 1869.)

Appeal from a judgment of the General Term of the Supreme Court, first district, affirming (with a deduction of $10), a judgment of the Special Term in favor of the plaintiff.

The complaint alleges that the defendant, being sheriff, claiming to act as such, under color of several executions alleged to have been issued against the property of Henry J. Kerner, wrongfully, with force and arms took and carried

away certain specie and gold coin of the United States, of the amount and value of $1,000, the property of the plaintiff.

The answer of the defendant sets out three executions issued upon judgments against Henry J. Kerner, and delivered to the defendant, as sheriff, to be executed, &c.: One on the 17th May, 1859, for $682.07, in favor of Shepard & Bristol; one on the 21st June, 1859, for $155.72, in favor of Henry Lyles, Jr., and one on the 27th June, 1859, for $1,280.13, in favor of Hope & Runk. And that by virtue of those executions the defendant levied on certain specie and gold coin, which is the same specie and gold coin referred to in the complaint, and such levy is the taking, &c., in the complaint alleged, which specie and coin was at the time of such levy the property of Kerner, or he had a leviable interest therein, and the same was liable to be levied upon by the defendant and applied toward the satisfaction of the said several executions. This answer was sworn on the 30th of August, 1859.

Subsequently, the defendant put in a supplemental answer, sworn on the 29th April, 1861, claiming and insisting upon all the allegations of his former answer, and averring that on or about the 19th September, 1859, the plaintiff, by release in writing, under seal, for the consideration of ten dollars, released and forever discharged the defendant from the action and from the cause of action.

On the trial it was admitted, that the specie was shipped from Aspinwall, consigned to Henry J. Kerner, inclosed in a bag. That the defendant held the three executions set forth in the answer; and, acting under the same, on the arrival of the vessel on the 27th June, 1859, levied on the said specie, and that for such levy this action is brought; and afterwards a release was executed under seal, bearing date the 19th September, 1859, by which the plaintiff (by attorney, under a power of attorney, also admitted), released the defendant of and from all manner of action and actions, cause and causes of action, suits,  *  *   sums of money  *  *  * trespasses, damages  *  *   claims and demands, whatsoever,

in law or in equity  *  *  *  for, upon, or by reason of any matter, cause or thing from the beginning of the world to the day of the date of these presents, *by reason or on account or in consequence of any or all and every* of his acts and pro ceedings, under or by virtue or in consequence of the issuance and delivering to him of an execution dated June 21st, 1859, entitled Henry Lyles, Jr. against Henry J. Kerner.

Upon the admission of this release, the defendant moved that the complaint be dismissed, which motion was denied and the defendant excepted.

The plaintiff then gave evidence tending to show that he was the owner of the $1,000 in gold coin which was levied upon, and rested.

The defendant then renewed his motion for a nonsuit, on the grounds

1st. That the plaintiff had received satisfaction and duly released the cause of action.

2d. That the release was a bar to the further maintenance of the action.

The court denied the motion and directed the jury to find for the plaintiff the full amount of $1,000, levied upon and interest thereon, amounting in all to $1,240.71. And to such denial and to the specific instruction the defendant excepted. On receipt of the verdict, judgment was suspended and the exceptions ordered to be heard in General Term.

On the argument in the General Term of the Supreme Court in the first district, it was ordered that the plaintiff have judgment on the verdict with costs upon his filing a stipulation to abate ten dollars and interest (the consideration expressed in the release) from the amount of such verdict. The stipulation being filed, judgment for the plaintiff was entered May 23d, 1864, for the amount of the verdict thus reduced and his costs, making $1,667.37.

The defendant appealed to this court.

*A. J. Vanderpoel,* for the appellant, insisted that the release was a bar to the further maintenance of the action—

that the trespass was a single act, and the levy was made by the defendant acting under all three executions, and that the property not being Kerner's, it was not material to the case whether he had one execution or twenty or none at all. When a trespass is entire, a release of part releases the whole, and a release of one co-trespasser is a release of all. He cited *Stone* v. *Dickinson* (5 Allen, 29); S. C., 7 Allen, 26; Coke on Littleton, 232; *Bronson* v. *Fitzhugh* (1 Hill, 185); *Wilson* v. *Hunter* (11 Shepley, 18); *Coche* v. *Jenner* (Hobart, 66); *Biggs* v. *Berger & Greenfield* (2 Ld. Raym, 1372); *Allen* v. *Wheatley* (3 Blatch., 332); *Knickerbocker* v. *Culver* (8 Cow., 111); 7 Verm., 327; 1 Stark R., 351; 3 Taunt, 117; 2 Moore, 235; 4 Mod., 379. If the action could be maintained at all, the court erred, as the amount of the Lyle's execution at least should be deducted.

*Wm. R. Darling*, for the respondent, insisted that it made no difference, that all the levies were in fact made at one time and by one seizure, for they were under three executions, and the rule of law which applies the property to the several executions, in order of priority, makes the one seizure equivalent to three acts of levy. Especially is this so when coin is seized. (2 R. S., 336, § 18.)

No principle applicable to releases of joint trespassers is here. There was no evidence that the sheriff acted upon indemnity or under any direction or concert with the plaintiffs in the executions. There was not even a common interest in the money taken (*vid.* R. S. *supra*). To make joint trespassers there must be concert and a common object. (*Guille* v. *Swan*, 19 Johns, 381; *Williams* v. *Sheldon*, 10 Wend., 654.) The release was special in its terms, and therefore restricted in its operation by the limiting words. (*Hoes* v. *Van Hoesen*, 1 Barb., Ch. 380; *Johnson* v. *Stackhouse*, 1 Cow., 122; *McIntire* v. *Clark*, 1 Edw., 34.)

WOODRUFF, J. On the 19th day of September, 1859, an action was pending, brought by the plaintiff against the

defendant, for forcibly taking and carrying away certain gold coin of the plaintiff, by a levy thereon of three executions; one in favor of Henry Lyles, Jr., against Henry J. Kerner. That action was single; in it the plaintiff sought to recover not for three injuries, but for one; and if it were conceded that the cause of action could be severed, or even that three separate actions could have been brought for the act of the defendant, there was in form and in fact but one action, and that (whatever else was included in it) was for the taking of the plaintiff's property under the execution in favor of Lyles, Jr., against Kerner.

On the day named, by writing under seal, the plaintiff released and discharged the defendant of and from all manner of action and actions, which the plaintiff " ever had, *now has* or can have, &c., by reason or on account of the defendant's acts and proceedings under the execution in favor of Lyles."

It is not material that the action embraced other things; it certainly included acts done under the execution in favor of Lyles, and is, therefore, within the description in the release.

It would seem to follow that this release put an end to the action.

Nor is anything to the contrary deducible from insisting that the action may be regarded as for three separate wrongs, each of which are susceptible of separate estimate as to amount of damages; for if the action be regarded as single and the trespass entire, then a release of the action is clearly a bar. And if the action be one which includes three causes of action; still a release of the action puts an end to *that suit,* even if it did not operate as a bar to an action for the causes not released. This action is gone because it was brought to recover for what was done under the Lyles execution, and " *all* and *all manner* of action and actions," founded on acts so done are released, whatever else may be included therein.

Had the plaintiff simply released the damages sustained by the levy of the Lyles execution, then it would have been

free from the view above stated; but he saw fit to release and discharge the action itself, and therefore whether his whole cause of action was or was not released, he put an end to the pending suit.

If the foregoing view is correct, the reversal of the entire judgment follows; because, on those grounds, a nonsuit should have been ordered when moved for.

2. In any event the judgment is erroneous, for if I am mistaken in the foregoing construction and effect of the release, and it can be read as only operating upon the cause of action, so far forth as that cause was affected by the Lyles execution, still, as to so much damages as legally resulted from the levy of the Lyles execution, the defendant was wholly released. The reasoning by which it is sought to confine the release to the damages resulting from that levy, shows conclusively that, as to those damages, the judgment is erroneous. Thus, the sheriff having made his levy, it was his duty (and presumptively he did his duty) to apply so much of the gold coin as was requisite to the satisfaction of the first execution, which was for $682.07 and fees; and then so much as was necessary to the satisfaction of the Lyles execution, which was for $155.72. And this last named sum with the interest, poundage and fees, were the precise damages sustained by the plaintiff by the levy of that execution upon his property, and those damages the plaintiff has in the fullest manner released and discharged.

Upon what principle the Supreme Court confined the abatement from the verdict to ten dollars, I have not been able to conjecture, unless perhaps, it was assumed that the consideration of a release under seal, was open to inquiry, and if it appeared that such consideration was not equal in amount to the whole demand or thing released, the release only operated *pro tanto.* This, however, cannot, I think, be seriously claimed; the seal itself imports full consideration, and the release and discharge, under seal, full and complete satisfaction. And this is equally true whether the real or only a nominal consideration is expressed. The idea that an action

may be prosecuted for damages for an assault and battery, slander, libel or other tort, and notwithstanding a release and discharge, the party may go to the jury on the question whether the consideration expressed in the release is an adequate compensation would not be entertained for a moment; and I am not aware of any difference in this respect when the action is *trover* or *trespass de bonis aspertatis*. In the absence of fraud, it is to be deemed conclusively shown by the release, that upon considerations satisfactory to the releasor he has accepted satisfaction.

Our statute, making a seal presumptive evidence only of a consideration, has no application to such a discharge. See *Stearns* v. *Tappin* (5 Duer., 294), and cases therein cited, and 22 Barb., 97.

On either ground the judgment is erroneous.

MASON, J., concurred in the first proposition of the opinion of WOODRUFF, J., and thought the release a bar.

GROVER, J., thought the release was not a bar, but agreed with WOODRUFF, J., in the second proposition of his opinion. He thought the instrument operated to release the damages to the extent of the Lyles execution, it being in terms confined to the acts of the defendant *on account of the issuance and delivery of that execution to him*. The fact that the seizure was of *coin*, which is by statute applied instantly to the executions in their priority, without sale, rendered the case plainer, for the reason that upon the seizure, a certain equivalent amount of the money might be regarded as seized by the sheriff, separately, on account of and to satisfy each execution. He did not, and could not if it had been Kerner's money, seize, on account of the Lyles execution, but exactly an equivalent amount of the coin.

HUNT, Ch. J., JAMES, DANIELS and LOTT, JJ., concur with GROVER as to the result.

Judgment reversed unless the plaintiff elect to deduct from the judgment the amount of Lyles execution. In that case affirmed without costs of the appeal.