Titus, J.
This is an appeal from a judgment of the municipal court for twenty-eight dollars, in favor of the plaintiff, and against the defendant.
It appears from the return, that the plaintiff leased from the defendant, certain premises on Broadway, for the term of four years and eight months, from- September 1, 1885. The defendant occupied the premises up to July 31, 1888, at which time he was owing the plaintiff, for rent, $116. He gave him a check for eighty dollars, and agreed to make a suit of clothes, worth twenty-eight dollars, and pay two dollars in cash, in full settlement of the rent. On the second of August, following, the plaintiff, without making any other agreement as to the payment of the rent then due, signed an agreement terminating the lease, containing this clause: “without claims, rents or demands of any kind or amount, of either party, against the other.” Before signing this document, the plaintiff asked for, and the defendant gave, an explanation of its meaning, and was told that it was. “That I (the plaintiff), had no claim on him (the defendant), after the first of August, for rent; and he (the defendant) had no claim on him (the plaintiff) for the place.” With this explanation, the plaintiff signed the agreement. Before signing, the agreement for the suit of clothes was made. The defendant surrendered up possession of the premises to the plaintiff, but refused, after demand being made, to make the suit of clothes, or to pay the balance of the rent.
In considering the case, I have taken that portion .of the evidence most favorable to the plaintiff, as a judgment should not be disturbed, if there is sufficient evidence to sustain it, unless some error has been made in the admission of evidence, or in acting upon an erroneous view of the law governing the case. There is no great difference in the facts as related by the parties.
The defendant, in his testimony, says: “It is a fact I agreed to make a suit for $30, and pay $80 in settlement of the rent;” but it is claimed, by reason of the broad language of the receipt, the plaintiff is concluded, and cannot recover. It is not claimed that any other or different agreement was entered into by the parties than the one set out above, unless what purports to be the written agreement, shall be so considered. It is claimed by the defend *900 ant that the written memorandum signed by the parties expressed the full agreement between them; and that error was committed in permitting the plaintiff to give paroi evidence of what the agreement actually was, and that it amounts to an accord and satisfaction between the parties, is conclusive upon them, and precludes them from giving any evidence to show the amount of rent accrued and unpaid, or the manner in which it was to be paid. There is no question but that the acceptance of a sum in full of a disputed claim is an accord and satisfaction, although less than the whole amount claimed, and will discharge a debt and prevent a recovery. The authorities cited by the defendant’s counsel are in point on this proposition: Palmerton v. Huxford, 4 Denio, 166.
The receipt, if it may be called so, is only evidence of payment, and is not conclusive upon the party giving it. McCrea v. Purmort, 16 Wend., 460.
That a seal is attached adds no force to the fact of payment, and the consideration or amount paid, is always open to inquiry. Barker v. Bradley, 42 N. Y., 316.
In this case no consideration is mentioned, and it was competent to show the amount of accrued rent to be paid, and if the defendant has not paid, he is liable in an action to enforce the payment of it. Besides the fair interpretation of the memorandum terminating the lease is, that neither party shall claim damages from the other by reason of its terinination. Any other construction would include the settlement of claims not contemplated by the parties. The business in hand was the termination of the lease, and the damages sustained by reason of it. If the action was for damages to recover future rents, then the agreement would be conclusive, as it extinguishes the right to rent, and paroi evidence would not be competent to defeat the instrument itself; but, in so far as it purports to be a receipt for accrued rents, it is like any other receipt, evidence that the debt has been paid, which is liable to be overcome by paroi evidence; and the fact that no money was paid, or that the sum agreed on had not been paid, may be shown. McCrea v. Purmort, 16 Wend., 460; Monell v. Lawrence, 12 Johns., 521, Thomson, Ch. J.; Shephard v. Little, 14 id., 210; Buswell v. Pioneer, 37 N. Y., 312.
The case of Noble v Kelly (40 N. Y., 415), does not bear out the defendant’s position, that the payment and the consideration is not open to dispute. It simply holds that the consideration mentioned in a release cannot' be disputed by parole evidence, for the purpose of showing that the instrument did not operate as a release to the whole thing released, but only pro tanto. It was held that the admission of such evidence would vary the terms of the written instrument, and make it a partial instead of a full release, as by its terms it purported to be. The question here is simple, and can be plainly stated. The parties mutually *901 agreed to terminate the lease, and the defendant was to pay the plaintiff thirty dollars accrued rent which had not been paid. They then signed the agreement terminating the lease with the clause above quoted. It is not claimed that the rent which accrued prior to August 1st has been paid. It is not claimed that the defendant did not agree to pay, or that such was the understanding of the parties, but the defendant insists that no action can be maintained by reason of the receipt. I cannot agree with this view of the case. I see no difficulty in the way of the plaintiff’s maintaining an action for the accrued rent. The proof essential to maintain such an action does not necessarily contradict, explain or vary the terms of the written agreement. It does show, and for this purpose I think it is competent, that the defendant agreed to pay a certain amount of accrued rent and has not paid it. Shephard v. Little, 14 Johns., 210; Bowen v. Bell, 20 id., 338.
The other point raised by the defendant I do not think is well taken. After the trial of the action had been commenced, the plaintiff asked leave to amend his complaint by alleging the facts as they appear from the evidence. It does not occur to me that it was necessary to amend his complaint to entitle him to recover. The action was for rent, and whether the defendant had agreed to pay it by making a suit of clothes for a part, does not seem to be very important. .At all events the court had ample authority to allow the pleadings to be amended.
The practice in justice courts has always favored great latitude in allowing amendments to pleadings. They are often mere verbal statements of a party’s claim, made without the interposition of an attorney, and are frequently carelessly «and imperfectly taken by the justice; and the practice, as it existed before the Code, was to allow the parties to amend whenever substantial justice would be promoted.
The Code of Civil Procedure, section 2944, seems to make it mandatory upon the court to allow the pleadings to be amended at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby. Vaughn v. Lego, 17 N. Y. State Rep., 279.
The judge acted within the scope of his authority, and I do not think error was committed.
The other points raised by the defendant, relating to the admission of evidence, are all necessarily disposed of in the discussion of the first proposition, and need no further attention.
I think no error was committed, and the judgment should be affirmed, with costs.
Beckwith, Ch. J., and Hatch, J., concur.