---

HENRY WALBOURN, Respondent, *v.* EDWARD J. HINGSTON, Appellant.

*Release — want of knowledge, insufficient to qualify it — mutual mistake or fraud — allegations in a reply insufficient to raise an issue.*

The fact that when a person executed a general release he was ignorant of certain matters, constituting the subject of a cause of action, is not alone sufficient to qualify the release or limit its terms and legal effect.

The right to limit the effect of such written release by oral evidence is dependent upon the existence of a mutual mistake of the parties to the instrument in making and taking it, or a mistake on the part of the party seeking to offer oral evidence to limit the effect thereof, and fraud on the part of the other party to it.

In the absence of mutual mistake or fraud, the operation of a written release cannot be made to depend upon oral testimony as to the knowledge of the creditor, when he executed it, of the liability which he subsequently seeks to enforce.

The allegation contained in a reply that a certain release set forth in the answer did not embrace the matters constituting the cause of action contained in the complaint, but that it was made in relation solely to a certain other matter about which a controversy had arisen between the parties, does not relate to the terms of the instrument, but to its purpose and effect, and raises no effectual issue.

APPEAL by the defendant, Edward J. Hingston, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 23d day of July, 1894, upon the decision of the court rendered at the Erie Special Term overruling the defendant's demurrer to the plain-

tiff's reply, and also from an order made at the Erie Special Term and entered in said clerk's office on the 23d day of July, 1894, adjudging that the plaintiff is entitled to an interlocutory judgment overruling the defendant's demurrer to the plaintiff's reply.

The alleged cause of action is criminal conversation of the defendant with plaintiff's wife in the spring and summer of 1891.

The new matter alleged in the answer is that in April, 1892, the plaintiff received from the defendant the sum of $500 in full satisfaction and discharge, amongst other things, of the damages mentioned and alleged in the complaint, and thereupon delivered to the defendant a release, in writing, made and executed by him, whereby, in consideration of the said sum of $500, the plaintiff remised, released and discharged the defendant " of and from all and all manner of action or actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever in law or in equity which against this defendant the plaintiff ever had, then had, or which he or his heirs, executors or administrators thereafter could, should or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of said release."

The plaintiff being required by order of the court to reply to such new matter, alleged, by way of such reply, that in October, 1890, an agreement, set forth, was made between him and the defendant, and " that because of a disagreement over it and its terms the plaintiff and defendant had a dispute, and growing out of the same and solely relating thereto the release set forth in the amended answer of the defendant was executed * * * and the money so paid * · * * thereunder was paid and received only as and for damages or dues due from said Hingston upon and relating to said contract, and the money so paid by said Hingston in no way related to * * * the damages or matters set forth in the complaint," and that at the time of signing said release the " plaintiff had no knowledge of the wrongful acts alleged against the defendant in his complaint, and, therefore, could not have tried to settle his said alleged claim as claimed in the defendant's amended answer. And he, therefore, denies each and every allegation of the defendant as set forth under

the third clause of the amended answer excepting as explained hereinbefore."

The defendant interposed a general demurrer to the reply.

*Henry B. Loveland*, for the appellant.

*Edward L. Jellinek*, for the respondent.

BRADLEY, J. :

The plaintiff does not controvert the fact that he made the release set forth in the answer, but alleges that it was not intended to and did not embrace the matters constituting the cause of action charged in the complaint, and that it was made in reference solely to a certain other matter about which a controversy had arisen between the parties. Those allegations of the reply relate, not to the terms of the instrument, but to its purpose and effect. And in support of the assertion in that respect the plaintiff alleges that when it was made he was ignorant of the matters which constitute the subject of the cause of action set forth in his complaint. This alone is not sufficient to qualify the release or limit its terms and legal effect. The right to do so by oral evidence is dependent upon the charge of mutual mistake of the parties to the instrument in making and taking it, or fraud on the part of the defendant and mistake on the part of the plaintiff. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.) The same facts which could be proved to reform it may be available to limit its effect to a like extent as would the reformation if made. In the present case, the plaintiff was, pursuant to the statute, put to his reply to the new matter in the answer. (Code Civ. Proc. § 516.) He did so. The question presented by the demurrer is one of pleading. And for the support of his reply it was necessary for the plaintiff to allege all the facts essential to overcome wholly or partially the effect which the terms of the release set up in the answer fairly import. This the plaintiff failed to do, as he neither alleged facts to the effect that it was made in terms so broad and comprehensive as to include the cause of action alleged in the complaint by mutual mistake of the parties to it or by reason of any fraud on the part of the defendant. It is true that the plaintiff alleged in his reply that the release was made on settlement of a

matter of dispute between the parties arising out of a certain agreement into which they had previously entered and in reference to that controversy only, and that the plaintiff was then ignorant of the facts upon which this action is founded. It is not competent by oral evidence of such facts merely, to contradict, qualify or limit the terms of the release. This was sought to be done in *Kirchner* v. *N. H. S. M. Co.*, and the view of the General Term that it was permissible (59 Hun, 186) was disapproved by the Court of Appeals, where it was said " the operation of such an instrument cannot be made to depend upon oral testimony as to knowledge of the creditor when he executed it, of the liability which he subsequently seeks to enforce." (135 N. Y. 188.) Such is the general rule as between parties to written instruments in the absence of mutual mistake or fraud.

In *Noble* v. *Kelly* (40 N. Y. 415) the release was by construction held to have been so limited in its terms as not to embrace the entire subject of the action.

And in *Rosboro* v. *Peck* (48 Barb. 92) the question had relation to the consideration expressed in the release. This, as such, is always open to explanation by parol. (*McCrea* v. *Purmort*, 16 Wend. 460.)

It is unnecessary now to inquire how far and with what effect facts stated in the reply would be admissible if mutual mistake or fraud were alleged. As the reply charges neither, no effectual issue is tendered by it.

The judgment should be reversed, with leave to the plaintiff to amend his reply on payment of costs of the demurrer and of this appeal.

DWIGHT, P. J., and LEWIS, J., concurred.

Interlocutory judgment reversed, with costs and demurrer allowed, with leave to plaintiff to amend his reply within twenty days, on payment of the costs of the demurrer and of this appeal.