### VAUGHN v. LEGO et al.

(Supreme Court, General Term, Fifth Department. June, 1888.)

JUSTICES OF THE PEACE—PLEADING—AMENDMENTS.

　　Under Code Civil Proc. N. Y. § 2944, allowing pleadings in justices' courts to be amended at any time before or during the trial, if substantial justice will be promoted thereby, the justice must allow an application, made on the adjourn-day, to amend the answer by setting up a former suit in bar, where there is nothing to show that it is for the purpose of delay, or that the proposed defense is false; and though the complaint is verified, as required by chapter 414, Laws 1881, the absence of a verification of the proposed amended answer cannot be taken as evidence of its falsity, or of bad faith, where it does not appear that a copy of the verified complaint was served with the summons, as required by that act.

Appeal from Cattaraugus county court.

An appeal from a judgment of the Cattaraugus county court reversing a judgment rendered in the plaintiff's favor, in a justice's court, for the sum of $59.33. The plaintiff's cause of action was for work and labor done and performed for the defendant. On the return-day the defendants appeared and answered, and admitted the performance of the work and labor as set forth in the complaint, and set up, as a special defense, that the plaintiff was engaged by the defendants as a competent and skillful mechanic, and that he represented himself to be such, and that he was a practical machinist, and competent to do all kinds of mechanical work, for which he was engaged to perform; and that, relying upon such statements and representations, he was employed, and that in truth and in fact his statements were not true, and that the labor which he performed was done in an unskillful and unworkmanlike manner, to the loss and damage of the defendants in the sum of $35. A

plea of payment of the sum of $111.50 was interposed, and also a counter-claim amounting to $21.60; and the cause was adjourned to a future day. On the adjourn-day the defendants applied for leave to amend their answer, setting up a former suit between the parties hereto in bar of a recovery; presenting to the justice, in writing, the form of the proposed amended answer. The motion was denied, and the cause was that day tried before the justice without a jury. On the trial the defendants offered to prove the former trial and judgment, as set up in their proposed answer, which was objected to by the plaintiff as immaterial and incompetent, for the reason the same was not set up in the defendants' answer, and the objection was sustained, and the evidence excluded.

Code Civil Proc. N. Y. § 2944, referred to in the opinion, provides as follows: "The court must, upon application, allow a pleading to be amended, at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby." The section also provides for allowing an adjournment to the adverse party, if necessary, and that payment of the costs of the adverse party may be required as a condition of granting the amendment.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*J. R. & M. B. Jewell*, for appellant. *Ainsley & Davie*, for respondents.

BARKER, P. J. A justice of the peace has ample power at any time before the trial, or during the trial, to amend the pleadings, if substantial justice will be promoted thereby. Code Civil Proc. § 2944. Within the rule as laid down in *Walsh* v. *Cornett*, 17 Hun, 27, and *Wood* v. *Shultis*, 4 Hun, 309, a case was made by the defendants authorizing the justice to allow the amendments, and it was an error to deny the application. In these cases it was held that the power conferred by the statute was for the promotion of justice, and that suitors have a right to insist upon its exercise in a proper case, and it is not wholly within the discretion of the magistrate to allow or refuse the proposed amendment. There was nothing in this case to show that the proposed defense was false, untrue, or put in for delay or vexation. The defendants did not ask for an adjournment of the trial, or show any disposition to delay the proceedings. In the return the justice states that, after hearing the statements and admissions of the attorneys made on the application to amend, the motion was denied. This statement does not disclose anything in favor of the allowance or rejection of the application. It simply indicates that it was opposed by the plaintiff. If the matter in issue had been previously tried and determined, it would have been fair and just to the defendants to give them an opportunity to make that defense. The plaintiff's complaint was in writing, and verified in the form and manner required by chapter 414 of the Laws of 1881. The plaintiff contends that, as the defendants' proposed amended answer was not also verified as required by that act, it affords some evidence that the proposed amendment was not made in good faith, and was not truthful. It does not appear that a copy of the plaintiff's verified complaint was served with the summons, as required by the said act; and for that reason, by the rules of pleading applicable to justice's court, the defendants were not required to verify their answer, and the omission to do so, in this case, cannot be received as any evidence that the application to amend was not made in entire good faith. There is nothing to distinguish this case from *Walsh* v. *Cornett*, where a justice's judgment was reversed because the defendant's motion to amend his answer was denied, and upon its authority the judgment is affirmed.

All concur.