## SCHORK *v.* MORITZ.

*(Superior Court of Buffalo, General Term. July 12, 1889.)*

1. CONTRACT—CONSTRUCTION—EVIDENCE.

    Plaintiff and defendant agreed to terminate a lease, and defendant agreed to pay plaintiff a balance of rent then due. Subsequently they both signed an agreement terminating the lease, which contained the words, "without claims, rents, or demands of any kind or amount of either party against the other." *Held*, that the "claims, rents, and demands" intended are those growing out of the termination of the lease, and not the rent due plaintiff from defendant prior to its termination, and which he had agreed to pay.

2. PLEADING—AMENDMENT—MUNICIPAL COURT.

    There was no error in allowing plaintiff to amend his complaint in the municipal court of Buffalo after the trial had begun; Code Civil Proc. N. Y. § 2944, relating to pleading in justice's court, providing for amendment either before or during trial, or on appeal, when substantial justice will be promoted thereby.

Appeal from municipal court.

Action by Valentine E. Schork against Gregor M. Moritz, to recover $28 arrears of rent. Defendant pleaded accord and satisfaction by the terms of a written agreement to terminate the lease, which was signed by both parties. After commencement of the trial, plaintiff was permitted to amend his complaint. The verdict was for plaintiff. From the judgment entered thereon and from the order amending the complaint defendant appealed.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Close & Fleischman*, for appellant. *Charles E. Feldman*, for respondent.

TITUS, J. This is an appeal from a judgment of the municipal court for $28, in favor of the plaintiff, and against the defendant. It appears from the return that the plaintiff leased to the defendant certain premises on Broadway, for the term of four years and eight months from September 1, 1885. The defendant occupied the premises up to July 31, 1888, at which time he was owing the plaintiff for rent $116. He gave him a check for $80, and agreed to make a suit of clothes worth $28, and pay $2 in cash, in full settlement of the rent. On the 2d of August following the plaintiff, without making any other agreement as to the payment of the rent then due, signed an agreement terminating the lease, containing this clause: "Without claims,

rents, or demands of any kind or amount of either party against the other."
Before signing this document, the plaintiff asked for and the defendant gave
an explanation of its meaning, and was told that it was "that I [the plain-
tiff] had no claim on him [the defendant] after the 1st of August for rent,
and he [the defendant] had no claim on him [the plaintiff] for the place."
With this explanation, the plaintiff signed the agreement. Before signing,
the agreement for the suit of clothes was made. The defendant surrendered
up possession of the premises to the plaintiff, but refused, after demand be-
ing made, to make the suit of clothes, or to pay the balance of the rent. In
considering the case I have taken that portion of the evidence most favorable
to the plaintiff, as a judgment should not be disturbed if there is sufficient evi-
dence to sustain it, unless some error has been made in the admission of evi-
dence, or in acting upon an erroneous view of the law governing the case.
There is no great difference in the facts, as related by the parties. The de-
fendant in his testimony says: "It is a fact I agreed to make a suit for $30,
and pay $80 in settlement of the rent." But it is claimed by reason of the
broad language of the receipt the plaintiff is concluded, and cannot recover:
It is not claimed that any other or different agreement was entered into by
the parties than the one set out above, unless what purports to be the writ-
ten agreement shall be so considered. It is claimed by the defendant that the
written memorandum signed by the parties expressed the full agreement be-
tween them, and that error was committed in permitting the plaintiff to give
parol evidence of what the agreement actually was, and that it amounts to an
accord and satisfaction between the parties; is conclusive upon them; and
precludes them from giving any evidence to show the amount of rent accrued
and unpaid, or the manner in which it was to be paid. There is no question
but that the acceptance of a sum in full of a disputed claim is an accord and
satisfaction, although less than the whole amount claimed, and will discharge
a debt and prevent a recovery. The authorities cited by the defendant's
counsel are only in point on this proposition. *Palmerton* v. *Hurford*, 4
Denio, 166. The receipt, if it may be called so, is only evidence of payment,
and is not conclusive upon the party giving it. *McCrea* v. *Purmort*, 16 Wend.
460. That a seal is attached adds no force to the fact of payment, and the
consideration or amount paid is always open to inquiry. *Barker* v. *Bradley*,
42 N. Y. 316. In this case no consideration is mentioned, and it was com-
petent to show the amount of accrued rent to be paid, and if the defendant
has not paid he is liable in an action to enforce the payment of it. Besides,
the fair interpretation of the memorandum terminating the lease is that nei-
ther party shall claim damages from the other by reason of its termination.
Any other construction would include the settlement of claims not contem-
plated by the parties. The business in hand was the termination of the lease,
and the damages sustained by reason of it. If the action was for damages to
recover future rents, then the agreement would be conclusive, as it extin-
guishes the right to rent, and parol evidence would not be competent to defeat
the instrument itself; but, in so far as it purports to be a receipt for accrued
rents, it is, like any other receipt, evidence that the debt has been paid, which
is liable to be overcome by parol evidence; and the fact that no money was
paid, or that the sum agreed on had not been paid, may be shown. *McCrea*
v. *Purmort*, 16 Wend. 460; *Monell* v. *Lawrence*, 12 Johns. 521, (THOMPSON,
C. J.;) *Shephard* v. *Little*, 14 Johns. 210; *Buswell* v. *Poineer*, 37 N. Y. 312.
The case of *Noble* v. *Kelly*, 40 N. Y. 415, does not bear out the defendant's
position that the payment and the consideration is not open to dispute. It
simply holds that the consideration mentioned in a release cannot be disputed
by parol evidence, for the purpose of showing that the instrument did not
operate as a release to the whole thing released, but only *pro tanto*. It was
held that the admission of such evidence would vary the terms of the written
instrument, and make it a partial, instead of a full, release, as by its terms it

purported to be. The question here is simple, and can be plainly stated. The parties mutually agreed to terminate the lease, and the defendant was to pay the plaintiff $30 accrued rent, which had not been paid. They then signed the agreement terminating the lease with the clause above quoted. It is not claimed that the rent which accrued prior to August 1st has been paid. It is not claimed that the defendant did not agree to pay, or that such was the understanding of the parties, but the defendant insists that no action can be maintained by reason of the receipt. I cannot agree with this view of the case. I see no difficulty in the way of the plaintiff's maintaining an action for the accrued rent. The proof essential to maintain such an action does not necessarily contradict, explain, or vary the terms of the written agreement. It does show, and for this purpose I think it is competent, that the defendant agreed to pay a certain amount of accrued rent, and has not paid it. *Shephard* v. *Little,* 14 Johns. 210; *Bowen* v. *Bell,* 20 Johns. 338.

The other point raised by the defendant I do not think is well taken. After the trial of the action had been commenced, the plaintiff asked leave to amend his complaint by alleging the facts as they appear from the evidence. It does not occur to me that it was necessary to amend his complaint to entitle him to recover. The action was for rent, and whether the defendant had agreed to pay it by making a suit of clothes for a part does not seem to be very important. At all events the court had ample authority to allow the pleadings to be amended. The practice in justice's courts has always favored great latitude in allowing amendments to pleadings. They are often mere verbal statements of a party's claim, made without the interposition of an attorney, and are frequently carelessly and imperfectly taken by the justice; and the practice, as it existed before the Code, was to allow the parties to amend whenever substantial justice would be promoted. Code Civil Proc. § 2944, seems to make it mandatory upon the court to allow the pleadings to be amended at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby. *Vaughn* v. *Lego,* 1 N. Y. Supp. 689. The judge acted within the scope of his authority, and I do not think error was committed. The other points raised by the defendant relating to the admission of evidence are all necessarily disposed of in the discussion of the first proposition, and need no further attention. I think no error was committed, and the judgment should be affirmed, with costs. All concur.