### BOSWORTH *v.* HIGGINS.

*(Supreme Court, General Term, Fifth Department.* October 19, 1889.)

**1. CONTRACT—ACTION ON—PLEADING.**
   A complaint alleged that defendant fraudulently represented a horse to be sound; that plaintiff, relying on said warranty and representations, purchased said horse, paying defendant therefor; that at the time of said warranty and sale said horse was unsound, and was worth $250 less than defendant represented and warranted, and was known by defendant so to be. Defendant moved for nonsuit for that plaintiff had failed to prove a warranty. *Held,* that the word "fraudulently," as used in the complaint, did not change the *gravamen* of the action, which was one for breach of contract, and not for tort.

**2. PLEADING—AMENDMENT.**
   After the evidence was in there was no error in allowing the complaint to be amended by striking out the word "fraudulently," as the rights of parties were not prejudiced thereby.

Appeal from judgment on report of referee.

Action by Edward J. Bosworth against Edward F. Higgins, for breach of contract on sale of a horse. The action was begun in the municipal court of Rochester, where judgment was entered against defendant. On appeal to the county court of Monroe county the case was referred by consent, and on the report of the referee, judgment being again entered against defendant, he appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*McNaughton & Taylor,* for appellant.    W. H. *Whiting,* for respondent.

MACOMBER, J.   This action was originally begun in the municipal court of the city of Rochester. The complaint was filed for the recovery of damages in the exchange of horses between the parties. The answer which was interposed set up a general denial, and also a counter-claim for damages for breach of warranty of a gray horse which was turned out by the plaintiff to the defendant in the trade. At the trial in that court the defendant did not appear, and judgment was taken against him. His appeal to the county court from the judgment entered in the municipal court was for the purpose of obtaining a new trial. The case was referred by consent, and such reference resulted substantially in the same judgment which was pronounced by the municipal court. Various exceptions have been presented for our consideration touching the reception and rejection of evidence, but in none of them do we find any error committed which in any manner prejudiced the defendant's rights.

The principal matter urged upon our attention is the proposition that the action was not after all for a breach of warranty of the horse, but rather for

damages resulting from false and fraudulent representations, and that consequently the plaintiff could not recover upon a contract. The case mainly relied upon by the counsel for the appellant is that of *Ross* v. *Mather*, 51 N. Y. 108, where the commission of appeals holds substantially that if the complaint contains suitable allegations for a recovery for fraud and deceit, and also for a breach of warranty, a recovery cannot be had upon the breach of warranty. This case, however, is opposed in principle to the decision of the court of appeals in *Conaughty* v. *Nichols*, 42 N. Y. 83, as well as to cases subsequently decided by the court of appeals, to which reference will shortly be made. In the case of *Ross* v. *Mather*, *supra*, the complaint was clearly and undoubtedly designed to charge the defendant in damages for false and fraudulent representations. It contained every element necessary to a recovery in such an action. The elements entering into a case for recovery upon that ground are, as stated in *Arthur* v. *Griswold*, 55 N. Y. 400, representations, falsity, *scienter*, deception, and injury. In the case before us, however, it is plain that the pleader intended to charge the defendant only in an action on contract for the recovery of damages for a breach of warranty. The language of the complaint is "that, on the 18th day of May, 1888, the defendant offered to sell to the plaintiff a certain horse, and warranted and fraudulently represented said horse to be in all respects perfectly sound; that the plaintiff, relying upon said warranty and representations, then and there purchased said horse and paid to the defendant therefor another horse, of the value of $125, and $90 in money; that at the time of said warranty and sale the said horse was unsound, had a spavin on one hind leg, and another spavin coming on the other hind leg, and was worth $250 less than the defendant represented and warranted, and was known by the defendant so to be; and that said horse still so remains." Leaving out the word "fraudulently" in the first sentence quoted from the complaint, there would be no room for discussion of this question; for then the case would stand precisely as a simple one for recovery upon a contract. In our judgment, the use of that word in that connection, followed as it is by other allegations which look solely to a complaint for breach of warranty, does not turn the complaint into one for fraud. The *gravamen* of the action was breach of contract, and, in such a case, the allegation of fraud in the complaint, inducing the entering into of the contract on the part of the plaintiff, does not affect the nature of the action, or the remedy therein. The word "fraudulently" in this instance was wholly irrelevant, and the allegation of fraud was not an issuable one, and could not have been tried, if the plaintiff had desired it to be, under these allegations. *Graves* v. *Waite*, 59 N. Y. 156; *Tuers* v. *Tuers*, 100 N. Y. 196, 2 N. E. Rep. 922; *Brackett* v. *Griswold*, 112 N. Y 454, 20 N. E. Rep. 376.

Morever, the defendant, at the trial before the referee, proceeded upon the same assumption that the plaintiff did,—that the action was for a breach of warranty only; for at the close of the plaintiff's case a motion was made for a nonsuit upon the grounds—*First*, that the plaintiff had failed to prove a warranty of this horse. There was no suggestion that the action was not upon and brought to recover for a breach of warranty; nor was it claimed that the correct reading of the complaint showed it to be for a tort. The question was not raised until after the close of the evidence on both sides, when, for the first time, the point was made. Thereupon the referee, to make the case entirely clear, permitted, properly enough, although quite unnecessarily, an amendment, by which, if we understand it, the word "fraudulently" was eliminated from the complaint. No one was prejudiced by this amendment. It did not bring into the case a new cause of action. It did not strike out of it any cause of action which counsel, until the last moment, had supposed existed. *Price* v. *Brown*, 98 N. Y. 393. The judgment should be affirmed.