JACOB ARGERSINGER, RESPONDENT, v. GUSTAVE LEVOR, APPELLANT.

*Action in a Justice's Court for an assault " by the defendant and his dog " — amendment in County Court to the effect that " the defendant's dog, being vicious, and known to the defendant to be so, bit the plaintiff."*

In an action, brought in a Justice's Court, the complaint charged the commission of an assault upon the plaintiff " by the defendant and his dog." No objection was taken upon the trial to the jurisdiction of the justice, and the evidence tended to show that defendant's dog bit the plaintiff; that the dog was vicious, and known to be so by the defendant. There was no evidence to show any assault by the defendant.

Upon an appeal to the County Court, upon the law only, the court permitting the plaintiff to amend the complaint so as to charge that the defendant's dog, being vicious, and known to the defendant to be so, bit the plaintiff:

*Held*, that the judgment of the justice and the order of the county judge should be affirmed, as the order did not change the claim "in litigation" within the meaning of section 723 and subdivision 6 of 3347 of the Code of Civil Procedure; that as the justice did not, in fact, exceed his jurisdiction it was proper that the record should be amended in order to be kept within it.

APPEAL from a judgment and order of the county judge of Fulton county, which was entered in the office of the clerk of Fulton county on the 14th day of September, 1889, affirming a judgment in favor of the plaintiff rendered upon a trial in a Justice's Court, and allowing the plaintiff to amend his complaint.

*E. A. Spencer*, for the appellant.

*A. J. Nellis*, for the respondent.

LANDON, J. :

The complaint in the Justice's Court charged an assault upon the plaintiff " by the defendant and his dog." No objection was taken upon the trial to the jurisdiction of the justice. The evidence tended to show that the defendant's dog bit the plaintiff, and that the dog was vicious, and known to be so by the defendant. There was no evidence of any assault by the defendant. Upon appeal to the County Court, upon the law only, the County Court, upon motion of the plaintiff, permitted the complaint to be amended so as to charge that the defendant's dog, being vicious and known to

the defendant to be so, bit the plaintiff. We think the judgment and order of the County Court can be upheld.

The Justice's Court had no jurisdiction of an action of assault and battery. (Code Civil Pro., § 2863.) But no such action was tried. That such a cause of action was stated in the complaint did not deprive the justice of jurisdiction of the cause of action which he did try. The latter cause of action was so far set forth in the complaint as to induce the parties to try it, and when the County Court permitted the complaint to be amended, it did not permit a change of the cause of action actually tried, but simply conformed the complaint to it. The amendment did not change the "claim" in litigation. (Code Civil Pro., §§ 723, 3347, sub. 6.) Substantial justice was thus promoted. As the justice did not, in fact, exceed his jurisdiction, it was proper that the record should be kept within it.