### BUTTON v. LUSK.

*(Supreme Court, General Term, Fourth Department. July 1, 1890.)*

**1. JUSTICES OF THE PEACE—PLEADING—REPLEVIN.**

Under Code Civil Proc. § 2940, which provides that pleadings in justices' courts shall be sufficient if they enable a person of common understanding to know what is intended, a complaint in replevin which alleges ownership of, and right of possession to, the property in plaintiff, and that defendant wrongfully detains it under an execution against a third person, is not defective because of its failure to allege that the taking was wrongful, as the facts averred clearly show this to have been the fact.

**2. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.**

Even if a wrongful taking should have been more fully alleged, the county court, on appeal from the justice, has power to allow an amendment to that effect, as such amendment will not introduce a new cause of action.

Appeal from Onondaga county court.

Replevin by Nora Button against William Lusk. The action was originally commenced in justice's court, and taken by appeal to the county court, where plaintiff's complaint was dismissed on the ground that it did not state a cause of action. Plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Charles F. Ayling,* for appellant. *J. R. Shea,* for respondent.

MARTIN, J. We think the appeal in this case should prevail. The action was replevin. The facts, as set forth in the plaintiff's affidavit, were treated as alleged in the complaint. These allegations were, in substance, that plaintiff owned, and was entitled to the possession of, the property in question; that the defendant wrongfully detained it; and that the alleged cause of detention was that defendant levied upon and took it away under an execution against the property of a third person. The court below held that the complaint did not state facts sufficient to constitute a cause of action, refused to permit the plaintiff to amend, and dismissed the plaintiff's complaint with costs. This action was commenced in the justice's court. A pleading in that court is not required to be in any particular form, but it must be so expressed as to enable a person of common understanding to know what is intended. Code Civil Proc. § 2940. We think the complaint in this action was sufficient, under the liberal rule applicable to cases in that court. A person of common understanding, upon reading the complaint, would know that it was intended by the plaintiff to aver that she owned, and was entitled to the possession of, the property, and that the defendant wrongfully took and detained it under an execution against another person. This was all that was necessary. The effect of these allegations was to charge that both the taking and detention were wrongful. While the complaint did not in terms allege that the taking of the property was wrongful, it alleged facts which clearly showed a wrongful taking. We think it was sufficient.

But if it were to be held that a wrongful taking, or a demand and refusal, should have been more fully alleged, then we think the court erred in deciding it had no power to allow an amendment to that effect. Practically, the only limitation upon the power of the court to allow the plaintiff to amend the complaint was that a new cause of action could not be introduced. This action was to recover a chattel. The plaintiff had alleged ownership, right of immediate possession, and that it was wrongfully taken and detained by defendant under an execution issued against the property of another. The plaintiff simply asked to allege more fully that the taking and detention were wrongful. We think the court had power to allow the amendment asked for.

This conclusion seems to be sustained by the authorities. *Cramer* v. *Lovejoy,* 41 Hun, 581; *Argersinger* v. *Levor,* 7 N. Y. Supp. 923; *Hatch* v. *Bank,* 78 N. Y. 487; *Reeder* v. *Sayre,* 70 N. Y. 180, 190; *Insurance Co.* v. *Nelson,* 78 N. Y. 137, 149; *Harris* v. *Tumbridge,* 83 N. Y. 93, 97; *Price* v. *Brown,* 98 N. Y. 388; *Benson* v. *McNamee,* 12 N. Y. St. Rep. 503; *Avery* v. *Railroad Co.,* 106 N. Y. 143, 12 N. E. Rep. 619; *Davis* v. *Railroad Co.,* 110 N. Y. 646, 17 N. E. Rep. 733. In the case last cited, it is said: "It is a fair test, to determine whether a new cause of action is alleged in the amended complaint, that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint." If we apply that rule to the proposed amendment in this case, it would seem to leave no doubt as to the power of the court to allow the amendment sought. It is manifest that, if the plaintiff had recovered a judgment in the county court for the possession of the property in question, the judgment would have been a bar to any recovery under the proposed amended complaint. We are of the opinion that the court erred in dismissing the plaintiff's complaint, and that for such error the judgment should be reversed. Judgment reversed on the exceptions, and a new trial ordered in the Onondaga county court, with costs to abide the event. All concur.