## NICHOLSON v. PASTON.

*(Superior Court of Buffalo, General Term.* October 30, 1890.)

1. SALE—ACTION FOR PRICE—EVIDENCE.
   Evidence of the value of a suit of clothes is immaterial in an action for the price agreed on by the parties.
2. SAME—WHEN ACTION LIES.
   The sale being of articles to be manufactured, an offer to deliver according to the terms of the contract is all that is necessary to enable plaintiff to maintain an action for the price, without showing an acceptance by defendant.

Appeal from municipal court.

Action by James Nicholson against James Paston for a suit of clothes. There was a judgment in plaintiff's favor, and defendant appeals.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Roberts, Alexander & Messer,* for plaintiff. *George M. Osgoodby,* for defendant.

TITUS, J. The defendant appeals from a judgment of the municipal court rendered against him for $32 and costs. It appears that he ordered a suit of clothes from the plaintiff, who is a merchant tailor, for which he agreed to pay $32. When the clothes were made, the plaintiff sent them to the defendant, who told the messenger to take the goods back to Mr. Nicholson, and when he was ready for them he would call for them. He never called for the clothes, and never paid the plaintiff. On the trial, the plaintiff was permitted to amend his complaint so as to conform to the facts. The court had power to allow the amendment, and no error was committed in so doing. Section 2944, Code Civil Proc. We do not think error was committed in excluding the defendant's evidence of the value of the clothes. The parties had agreed upon the price. The value of the clothing was not in issue; it was immaterial. Besides, the plaintiff was permitted to testify to the value of the clothes on his cross-examination, thus curing any error which the defendant claims was committed.

An acceptance of the goods was not necessary by the defendant before the plaintiff could maintain an action to recover their value. An offer to deliver them to the defendant was all that was necessary, under the facts of this case.

The evidence shows that this was an action to recover for articles to be manufactured; and, in such cases, an offer to deliver, according to the terms of the contract, is sufficient. *Bement* v. *Smith*, 15 Wend. 493; *Golden Gate Co.* v. *Jackson*, 14 Abb. N. C. 323; *Hunter* v. *Wetsell*, 84 N. Y. 549. No reason has been shown for a reversal of the judgment, and it must be affirmed, with costs. All concur.