LAYTON v. BRADY.

(*City Court of New York, General Term.* May 31, 1892.)

EXCESSIVE DAMAGES—CONFLICTING EVIDENCE.

A verdict for plaintiff, in an action for permanent injuries to a horse, will not be set aside, as excessive, where the evidence justifies such verdict, and the court fully and fairly charged on the question of damages.

Appeal from trial term.

Action for damages by Richardson C. Layton against Patrick Brady. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

This action was brought to recover damages for injuries sustained to a horse belonging to plaintiff on or about the 2d day of May, 1891, which resulted in its being killed, and for damages sustained to a truck to which plain-

tiff's horses were attached, occasioned by a collision with horses and a truck owned by the defendant, and in charge of defendant's servant. The plaintiff's horses and truck were lawfully standing in Chambers street about opposite No. 85, delivering goods, and, while so engaged in the usual course of business, a double truck owned by the defendant, going in a westerly direction along Chambers street, was driven by a servant of the defendant, while in his employ, against and collided with plaintiff's truck, and against the off horse of plaintiff's team, greatly injuring the said horse and truck. It is claimed by plaintiff that the injuries to the horse were permanent, and necessitated and required the use of an ambulance to transport said horse to an infirmary, together with the services of a veterinary surgeon, and also necessitated its destruction, and that the whiffletree of said truck was broken. The plaintiff claimed damages, namely, the value of the horse, $325, $18.50 for the veterinary's bill, $3 for the ambulance, and $2 for the whiffletree; amounting in all to the sum of $348.50. The action was tried before the court and a jury on February 15, 1892, and resulted in a verdict in favor of the plaintiff for $348.40. The defendant appeals from the judgment entered upon the verdict, and also from the order entered herein, denying defendant's motion for a new trial.

Argued before McGown, Van Wyck, and Fitzsimons, JJ.

*Morgan & Ives*, for appellant. *Charles C. Crowell*, for respondent.

McGown, J. The appellant in his points submitted states that "the appellant does not claim that a verdict in favor of the plaintiff was against the evidence or law. He rests his appeal entirely upon the contention that the jury erred in finding a verdict for so large an amount;" thus leaving the only questions to be passed upon herein, viz., whether the jury erred in rendering their verdict for the amount claimed, $348.40, and whether the evidence justified a verdict for that amount.

First, as to the value of the horse. William A. Nichol, a witness on the part of the plaintiff, testified that he was a truckman; that he was a kind of judge of work horses,—truck horses; that plaintiff had owned the horse about three years; that the horse was in a better condition at the time of the injury than when he was purchased by plaintiff, and that he was a good healthy horse; that he had bought and sold horses for 12 years,—truck horses particularly; that he had bought during that time, perhaps, not over 40 or 50; that he should judge that the horse would be worth in the market on the day it was injured, before it was injured, $325. Plaintiff testified that he had bought and sold over 200 horses, and that he bought the horse about three years ago; that he was a heavy draught horse; that he would have to pay for a horse like him, anything from $325 to $350; that he had a veterinary surgeon, Dr. Duane, to look after the horse; that he had rendered a bill for $18.50; that he had paid the bill; that he had incurred a bill to the "Society for the Prevention of Cruelty to Animals" of $3 for an ambulance; that he had a new whiffletree made, for which he had paid $2. James Lockwood, a witness on the part of the plaintiff, testified that he saw the collision between the trucks, and had charge of plaintiff's horses and truck; that when defendant's truck struck the wheel, it cracked the main whiffle tree, and the wheel struck the horse, and knocked his hoof in the groove of the car track, and that defendant's driver kept pulling on; that if defendant's driver had stopped a minute, he could have saved the horse; that he kept pulling on, and scraped the hoof down, and kept scraping the hoof down on the bone, from the hair. Arlington Bosthwick, on the part of plaintiff, testified that the wheel of defendant's truck passed over the foot of the horse between the hair and the hoof. Plaintiff's witness Nichol testified that he "found the horse in a condition that he was not able to walk,—that injured; and had to send for the ambulance to take him away; he was not able to put his foot to the ground, standing on three legs; an ambulance came; he was taken to Crosby

street, near Canal, to the veterinary surgeon's stable, Doctor Duane; I think he was there some 10 or 11 days; the horse had to be killed. *Question.* Could not cure him? *Answer.* No, sir; that was the verdict of the veterinary surgeon, that he could not be cured." No objection was made to the admission of above. John Stroedel, a witness called on the part of defendant, testified that "the horse got his foot between the railroad track and the wheel, and got hurt between the hair and the hoof; then they stopped, and the horse was shivering, and had its leg up, suffering from pain." Defendant testified that the horse "had a pair of spavins behind; * * * the fact of there being a spavin on a horse affects his value; it would take a hundred off the value of the horse." Plaintiff testified: "I would have noticed if he had a blood or bone spavin. It would have been easily seen, more especially a blood spavin. When the horse was at Roslyn I examined him; I went all over him. I would take my oath that when I saw him, on 27th of April, he did not have a blood spavin." The trial justice, in his charge, fully and fairly submitted the case to the jury, and in his charge stated as follows: "Upon the question of damage the evidence is somewhat conflicting. The maximum amount is $325, as the value of the horse, $18.50 for the veterinary's bill, $3 for the ambulance, and $2 for the whiffletree. That evidence is not conclusive upon you. However, as to the amount of the damage, it is evidence upon which you may base your verdict, but which should in no case exceed that amount. If you find for the plaintiff, you may find in that sum, but not above it. You have, however, still the right to find less, if the evidence warrants it,"—and no exceptions were taken to the charge, and no exceptions were taken to any of the rulings of the trial justice, except to the refusal to dismiss the complaint on defendant's motion, which we think was properly denied. The jury found for the plaintiff, and we find no good reason for disturbing their verdict, and think there was sufficient evidence to justify the amount of the verdict found. Judgment and order appealed from must therefore be affirmed, with costs to the respondent. All concur.