(6 Misc. Rep. 147.)

## RUNGE v. ESAN.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

INSURANCE—FALSE REPRESENTATIONS—PLEADING—AMENDMENT.
  Under Code Civil Proc. § 2944, providing for amendments at any time before or during trial, if substantial justice will be promoted thereby, in an action against an insurance society for sick benefits, brought before a justice on written pleadings, where defendant denies that plaintiff was sick, and unable to work, and denies that plaintiff is entitled to any sick benefits from the society, defendant may, after plaintiff has rested, no surprise being claimed, amend by alleging that plaintiff obtained admission to the society by false and fraudulent representations.

Appeal from fourth district court.

Action by Louis Runge against Otto Esan, president of the Kranken Unterstuetzungs Verein Hanover, for sick benefits in said society. From a judgment of the district court, rendered on a trial before a justice thereof without a jury, in favor of defendant, plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

M. Strassman, for appellant.
Henry C. Botty, for respondent.

GIEGERICH, J. This action was brought to recover so-called sick benefits. The pleadings are in writing. The complaint, among other things, alleges that the plaintiff has been a member in good standing of the above-named unincorporated association since the 20th day of October, 1888, at which date he was elected to such membership; that, pursuant to the by-laws of the association, a member who has paid his dues, and who has been for a period of six months a member of the association, is entitled to sick benefits at the rate of five dollars per week when sick, and unable to follow his usual occupation; and that from about the middle of July 1892, to the commencement of the action, the plaintiff was sick, and unable to continue his regular occupation. The answer admits all of these allegations except the allegation that the plaintiff was sick, and unable to work, which is denied. The answer also denies "that plaintiff is entitled to any sick benefits whatever from defendant's association." The plaintiff's mother, under plaintiff's objection and

exception, was permitted to testify that the plaintiff first had epileptic fits seven or eight years ago; that prior to October, 1888, he had them every two, three, or four months, and that once he did not have any in eleven months. When the plaintiff rested the defendant applied for leave to amend the answer by alleging that the plaintiff obtained admission into the society by false and fraudulent representations. Plaintiff's counsel having objected, the court inquired of him, "Do you claim surprise?" Plaintiff's Counsel: "No, sir; I don't claim surprise. I will take an exception to the ruling of the court." The court below permitted the amendment. Plaintiff's counsel strenuously urges that the justice erred in permitting the defendant to amend its answer after the trial had been proceeded with. This contention is clearly untenable, in view of the provisions of section 2944 of the Code of Civil Procedure, which, read with section 1347 of the consolidation act, (Laws 1882, c. 410,) seem to make it mandatory upon the court to allow a pleading to be amended, at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby. Vaughn v. Lego, (Sup.) 1 N. Y. Supp. 689; Schork v. Moritz, (Super. Buff.) 6 N. Y. Supp. 554; De Witt v. Greener, 11 Civil Proc. R. 337; Nicholson v. Paston, (Super. Buff.) 11 N. Y. Supp. 567; Argersinger v. Levor, (Sup.) 7 N. Y. Supp. 923. The power to amend was properly exercised by the court below; and, as the plaintiff's counsel expressly disclaimed surprise, it is clear, under the circumstances, that the plaintiff was not prejudiced by the amendment.

While it is true that the defendant had the affirmative of the issue as to the defense that the plaintiff was admitted to membership through fraudulent representations, we cannot accede to plaintiff's contention that the defendant failed to substantiate the same. On the contrary, the evidence, in our opinion, strongly supports the following conclusions, among others, reached by the justice, viz.:

"The undisputed facts show that about eight years ago the plaintiff became afflicted with epilepsy, and has had, since that time, at frequent intervals, epileptic fits. That he was admitted to membership in the defendant association on or about the 20th day of October, 1888, and that prior to his admission he represented to the medical examiner of the defendant that he was in good health, and concealed from the examiner the fact of his epileptic troubles. The medical examiner, believing the statements so made to him by the plaintiff to be true, certified to the lodge that he was a proper subject for admission. The plaintiff undoubtedly obtained his membership in the defendant association by fraud and by suppressing the truth."

We have examined with great care the remaining points relied upon by the plaintiff's counsel as grounds for the reversal of the judgment, but we cannot agree with him in his contentions. It seems clear to us that the judgment was rendered "according to the justice of the case," as contemplated by section 3063 of the Code of Civil Procedure. Therefore the judgment should be affirmed, with costs.