(7 Misc. Rep. 318.)

### STEINAM v. BELL.

(Common Pleas of New York City and County, General Term. February 28, 1894.)

1. PLEADING—DENIALS IN ANSWER—DISTRICT COURT OF NEW YORK.
     A denial of sufficient knowledge to form a belief as to allegations contained in a complaint is not authorized in the district court of New York city.

2. ACTION—TORT OR CONTRACT.
     A complaint alleged that defendant, offering to sell plaintiff a mare, warranted and falsely and wrongfully represented said mare to be sound and free from fault in every respect; that plaintiff, relying on such warranty and representations, purchased said mare; that, at the time of the warranty, said mare was unsound; that, in consequence of such condition, plaintiff was put to great expense in her care, whereby he was injured in a certain sum. *Held*, that the complaint stated a cause of action for fraud, and not on a contract.

Appeal from second district court.

Action by Edward S. Steinam against George H. Bell to recover damages for false representations. From a judgment dismissing the complaint rendered on a trial before a justice without a jury, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

M. A. Lesser, for appellant.

J. Stewart Ross, for respondent.

GIEGERICH, J. The plaintiff, in his verified complaint, alleged:

"(1) That the aefendant, offering to sell the plaintiff a certain mare, warranted and falsely and wrongfully represented said mare to be sound, free from fault, and correct in every respect; (2) that the plaintiff, relying upon such warranty and representations, and induced thereby, then and there purchased said mare, and paid the defendant therefor the sum of $250; (3) that at the time of said warranty and sale the said mare was unsound, unkind, and untrue, as well as restive and ungovernable in harness, and had an equine disease, and was, moreover, big with young at the time, and therefore, by reason of the premises, practically worthless to the plaintiff, and known by the defendant to be so; (4) that in consequence of such condition of the animal the plaintiff was put to great expense in the care, and in attempting

the cure, of the said mare, and in her treatment during pregnancy, and thereafter in the keeping, of her and her colt, foaled on or about the 19th day of April last; (5) that by reason of the premises the plaintiff was injured and misled, to his damage $250."

The defendant in his answer, (also verified,) after putting in issue the allegations of the first and second paragraphs of the complaint, denied the allegations in paragraph 3, down to and including the word "harness," and alleged "that, as to the remainder of the allegations in said paragraph 3 contained, defendant has not sufficient information to form a belief," and "that as to the allegations in paragraphs 4 and 5 defendant has not sufficient information to form a belief." During the progress of the trial, and before the plaintiff had rested, his counsel moved for judgment on the pleadings on the ground "that the only issue raised by the answer is the question of warranty," which motion was denied, and he excepted. The appellant insists that this is a reversible error. This leads to the consideration of the sufficiency of the answer.

A pleading in the district courts of this city may be oral or in writing. "If it is oral, the substance thereof must be entered by the justice in his docket book; if it is written, it must be filed by him, and a reference to it made in his docket book." Code Civ. Proc. § 2938, which is made applicable to these courts by section 1347 of the consolidation act, (Laws 1882, c. 410.) A denial in an answer in these courts seems to be limited to one upon knowledge, (Code Civ. Proc. § 2938; Consolidation Act, §§ 1347, 1383, subd. 1;) to which should be added "a denial upon information and belief," which seems to be authorized by implication under section 526 of the Code of Civil Procedure, (Wood v. Raydure, 39 Hun, 144; Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669,) which section, it appears, is made applicable to district courts by sections 1346 and 1383 of the consolidation act. An allegation in the answer "that the defendant has not sufficient knowledge to form a belief" as to the allegations contained in certain portions of the complaint is not authorized in district courts, (Dennison v. Carnahan, 1 E. D. Smith, 144;) a denial "of any knowledge or information thereof sufficient to form a belief," permitted by section 500 of the Code of Civil Procedure, being expressly restricted to courts of record, (Code Civ. Proc. § 3347, subd. 4. See Dennison v. Carnahan, supra.) It follows that the answer in the case at bar, to portions of the third and the entire fourth and fifth paragraphs of the complaint, that "defendant has not sufficient information to form a belief," is wholly insufficient, and these allegations, if material, must be taken as confessed by nondenial. Are any of them material? In order to answer this question it will first be necessary to determine the nature of this action. This case is almost identical with Ross v. Mather, 51 N. Y. 108, in which the court of last resort held that the complaint contained all the elements of a cause of action for a fraud. The essential constituents of an action to recover damages for false and fraudulent representations are "representation, falsity, scienter, deception, and injury." Arthur v. Griswold, 55 N. Y. 400, per Church, C.

J.; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Bosworth v. Higgins, (Sup.) 7 N. Y. Supp. 210. Tested by these rules, it is quite clear that the complaint in this case is for a fraud, not upon a contract. Such being the nature of the action, the averments in the third paragraph of the complaint as to the scienter of the defendant must be regarded as not being denied, and, being material, are therefore admitted. Dennison v. Carnahan, supra. The other allegations of the complaint, hereinbefore referred to, as to specific facts, as distinguished from a matter of opinion, and other than a statement of unliquidated damages, must also be admitted by the defendant's failure to deny them. Abb. Brief Pl. § 540, subd. 3, p. 441, and cases cited. Accordingly, it must be held that the following allegations of the complaint were confessed by nondenial, viz.: "That the mare had an equine disease, and was, moreover, big with young at the time." "That the plaintiff was put to great expense in the care, and in attempting the cure, of said mare, and in her treatment during pregnancy, and thereafter in the keeping of her and her colt." The denials contained in the other portions of the answer were sufficient to put in issue the remaining allegations of the complaint; therefore, the motion for judgment on the pleadings was properly denied.

The allegations of the complaint as to representation, falsity, deception, and injury, were abundantly established by the evidence, and the scienter was confessed by nondenial, and was therefore not open to traverse or contrary proof on the trial. Electric-Light Co. v. Clark, (Com. Pl. N. Y.) 18 N. Y. Supp. 464. The plaintiff, under any aspect of the case, was entitled to nominal damages, (Moore v. Railroad Co., 4 Misc. Rep. 132, 23 N. Y. Supp. 863;) and under all the circumstances of the case the justice clearly erred in rendering judgment of dismissal, without prejudice to a new action, (Consolidation Act, § 1382.) It follows from these views that the judgment should be reversed, and a new trial ordered, with costs to the party there prevailing. In view of the statement contained in the appellant's brief, that "the object of this appeal is to secure an authoritative utterance for the guidance of the court below," it is deemed proper to remind the counsel for both parties litigant that the court below possesses ample power to allow a pleading to be amended at any time before or during the trial. Runge v. Esau, 6 Misc. Rep. 148, 26 N. Y. Supp. 33.