(9 Misc. Rep. 151.)

### HUTTON v. MURPHY et al.

(Common Pleas of New York City and County, General Term.    June 4, 1894.)

1. APPEAL—HARMLESS ERROR—ADDING NEW DEFENDANTS.

    An amendment of a summons by adding new defendants cannot be assigned as error by such new defendants.

2. PARTNERSHIP—TORTS—JOINT AND SEVERAL LIABILITY.
    An action for the negligence of an employe of a firm may be brought against each member of the firm severally, or against them all jointly.
3. MEASURE OF DAMAGES—TORTS.
    In an action for injuries to a horse, money expended by plaintiff for treatment of the injuries, and for the hire of another horse to take its place while under treatment, may be considered.

Appeal from third district court.

Action by John Hutton against Jeremiah C. Murphy and others to recover for injuries to personal property, occasioned by the negligence of defendants' servant while engaged in driving a team. From a judgment rendered by a justice without a jury in favor of plaintiff, defendants appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Hyland & Zabriskie, for appellants.
William E. Cook, for respondent.

BISCHOFF, J. The summons, as it was originally issued out of the court below, and served upon him, named Murphy as the only defendant. On the return day, the justice, on motion of plaintiff's counsel, and under objection by counsel for Murphy, directed that the summons be amended by adding, as parties defendant, the names of O'Beirne and Finn. Assuming that the justice erred with regard to the allowance of the amendment, the error was available, if at all, to the defendant Murphy only, the other defendants, subsequently added, being concededly not before the court at the time. Murphy, however, was in no sense aggrieved by the assumed error. His defense of nonjoinder of necessary parties defendant was invalid. The principle that there is no contribution between wrongdoers does not obtain where a person is made a wrongdoer by inference of law only (Dicey, Parties [2d Am. Ed.] c. 27, rule 104, p. 492); and the action, being one to recover damages in tort for the negligence of the copartnership firm of which Murphy was a member at the time, was maintainable against each member severally, or against them jointly (Id.; Roberts v. Johnson, 58 N. Y. 613; Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261). The authority of the court below to amend the pleadings is unquestionable. Runge v. Esau, 6 Misc. Rep. 147, 26 N. Y. Supp. 33. From the justice's certificate to the return of the proceedings in the court below, it appears that all the defendants appeared in the action, and this is supported by the minutes of the trial, which are made a part of the return. The voluntary appearance of the defendants O'Beirne and Finn obviated the need of serving them with the summons. Code Civ. Proc. § 3209; Consolidation Act, (Laws 1882, c. 410, § 1296); Abramson v. Koch (Com. Pl. N. Y.) 27 N. Y. Supp. 310. Murphy was admittedly so served. The jurisdiction of the court below touching the persons of each of the defendants to render the judgment appealed from is therefore unassailable.

The action was brought to recover damages sustained by reason of a collision between plaintiff's horse and a vehicle in the control of defendants' servant in the course of his employment,.

which collision resulted in injuries to the horse, necessitating the destruction of the latter after some continued treatment. We find ample evidence in the record to support the justice's determination that the accident in question occurred through the negligence of defendants' servant in driving at a high rate of speed, and in failing to check his progress when plaintiff's horse was caused to cross the street by its rider, it appearing that the defendants' wagon was at a sufficient distance from the horse, when the act of so crossing the street was attempted, to justify the attempt, and to have enabled the accident to have been avoided had ordinary and reasonable care been exercised by the defendants' driver. The account of the occurrence, as given by this driver, testifying in behalf of the defendants, was to some degree at variance with the testimony given for the plaintiff as to the intervening space between the wagon and plaintiff's horse, and the evidence was in direct conflict upon the question of the driver's endeavor to check his speed. The defendants' witness also testified that his wagon was impelled forward, at the time of the accident, by reason of its having been struck from behind by a truck, he having suddenly reined in his horse; but there was also testimony given by a police officer, who was present at the time, that there were no other wagons about when the accident occurred. The driver's story was rendered somewhat improbable by the fact that a slight scratch upon the back of the wagon was the only visible result of this alleged impact, according to the witness, and it appeared that great force would be required to have caused the injury to plaintiff's horse, i. e. to drive the shaft of the colliding wagon eight inches into its flank. The determination as to the witnesses' credibility, and of the truth upon a conflict of the evidence, was eminently for the trial court, and we find no sufficient reason for disturbing the judgment upon the evidence.

The exceptions taken upon the trial with regard to the admission of evidence are not the subject of review, no ground of the objection having been stated. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996; Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457. The motion, made in one instance, to strike out testimony, appealed to the justice's discretion, and is not reviewable upon appeal. Platner v. Platner, 78 N. Y. 90, 101. The exception to the denial of the motion to dismiss the complaint, made upon the ground that contributory negligence was shown, presents no error in our view of the evidence.

The award of damages is sustained as to its amount by the proof given at the trial, and in computing this amount it was proper for the justice to consider the sums expended by plaintiff for the treatment of the injured animal, and for the hire of a horse to take its place while under treatment. Layton v. Brady (City Ct. N. Y.) 20 N. Y. Supp. 534; Id. (Com. Pl. N. Y.) 20 N. Y. Supp. 989; Smith v. Ice Co., 52 N. Y. Super. Ct. 430; Albert v. Railroad Co., 2 Daly, 389; 1 Suth. Dam. p. 100, and cases cited. The judgment should be affirmed as to each of the defendants, with costs of this appeal.