(13 Misc. Rep. 231.)

MILCH v. WESTCHESTER FIRE INS. CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. PLEADING—AMENDMENT—DISTRICT COURT OF NEW YORK.
    It is mandatory on the district courts to allow the pleading to be amended at any time before or during trial if substantial justice will be promoted thereby.
2. APPEAL—HARMLESS ERROR.
    Error in refusing to nonsuit plaintiff on the opening is cured where the ground of nonsuit is removed on the trial by an amendment of the complaint.

Appeal from Fifth district court.

Action by Samuel Milch against the Westchester Fire Insurance Company. Judgment was rendered in favor of plaintiff by the justice, without a jury, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Charles A. Runk, for appellant.
Charles I. Schampain, for respondent.

GIEGERICH, J. The plaintiff, at the time of the transactions hereafter mentioned, was a public adjuster of claims for losses arising by the destruction by fire of buildings and contents covered by insurance policies. The defendant, on or about July 5, 1893, issued its policy to one Adolph Stern, insuring his furniture, etc., against loss by fire for one year from July 23, 1893. A fire having occurred on December 27, 1893, said Stern employed the plaintiff to obtain the amount of his loss, and by an instrument in writing, dated January 2, 1894, "in consideration of the valuable services

rendered and to be rendered" by the plaintiff, assigned to the latter the said policy and the amount due thereunder to the amount of plaintiff's fees for services as such adjuster and of advances of money by him for expenses. The plaintiff claimed that on January 3, 1894, he mailed the said assignment to the plaintiff, together with notice of the damage by fire; but the latter, while admitting the receipt of such letter, denied, through its special adjuster, the receipt of said assignment. After the filing by plaintiff of proof of loss with the defendant, the latter, on March 6, 1894, settled the loss with said Stern by paying to him a certain sum; and the company received from him the return of the policy of insurance, and a receipt in full accord and satisfaction of all claims and demands against the defendant for loss and damage by reason of the said fire. The defendant having refused to pay plaintiff's claim, the latter then brought this action. The pleadings were oral. The complaint originally was for "money due by reason of lien contract between plaintiff and defendant, money advanced"; and the answer was a general denial.

Upon the trial the defendant's counsel moved to dismiss the complaint on plaintiff's opening, which was denied. After putting in some testimony, plaintiff's counsel moved to amend the complaint by alleging the cause of action to be money due the plaintiff under an assignment from one Adolph Stern of an interest in a policy issued by the defendant to the said Stern, which amendment was allowed. Counsel for appellant insists that the justice erred in permitting such amendment; but we have repeatedly held that it is mandatory upon district courts to allow a pleading to be amended at any time before the trial, or during the trial, if substantial justice will be promoted thereby. Runge v. Esau, 6 Misc. Rep. 147, 26 N. Y. Supp. 33; Steinam v. Bell, 7 Misc. Rep. 318, 27 N. Y. Supp. 905; Hutton v. Murphy, 9 Misc. Rep. 151, 29 N. Y. Supp. 70. The power to amend, in our opinion, was properly exercised by the court below; and as the defendant proceeded with the trial upon the amended complaint, and fully litigated the questions presented thereby, by introducing testimony to refute the testimony adduced on the part of the plaintiff in respect thereto, it is apparent that the defendant was not prejudiced by the amendment. If the justice erred in refusing to nonsuit on plaintiff's opening, the error was cured by the amendment thereafter allowed.

After a careful reading of the evidence, we are unable to say that the judgment is against the weight of the evidence. There is a direct conflict upon the point whether the plaintiff inclosed the assignment in his letter of January 3d, but we are inclined to the belief that the weight of evidence is in his favor. We think that the decision of the justice as to the facts was in all respects correct, and we see no reason for disturbing it, in the absence of the elements which are requisite to review such determination. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776.

The objection that plaintiff in rebuttal put in evidence contradicting his own witness is not well taken. As it appears from the

record that the question was not objected to until the answer had been given, and there being nothing to show that the objection could not have been made, the objection should not be considered. Perkins v. Quarry Co., 11 Misc. Rep. 328, 32 N. Y. Supp. 230, and citations.   Besides, further examination of the witness upon this point was discontinued upon the remark of the justice:   "I think you have gone into the case as far as necessary."

For these reasons, the judgment should be affirmed, with costs.