### KEST v. KIMMEL et al.

(Supreme Court, Appellate Term. March, 1902.)

1. PLEADINGS—AMENDMENT AFTER TRIAL—ADDITION OF NECESSARY PARTY DEFENDANT.

In an action on a note against a partnership it was admitted that one Max L., a partner, had not been made a defendant. After both sides had rested, plaintiff moved to make the pleadings conform to the proof by "changing the name of 'Marcus' to 'Max' L. as one of the defendants." There had been neither a Marcus nor Max L. described as defendant, but the justice inserted the name of Max L. as defendant. Held, that the amendment would be regarded as the addition of another party defendant.

2. SAME.

Under Consol. Act, § 1296, providing that actions in municipal courts must be commenced by the voluntary appearance of and joinder of issue by the parties, or by service of summons, a justice has no right, after both parties have rested, to amend by adding the name of a necessary party defendant, who has never appeared or been served with summons.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Max Kest against Max B. Kimmel and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Samuel D. Levy, for appellants.
Parsons & Shick, for respondent.

GREENBAUM, J. This action is founded upon a promissory note made by the firm of Goldberg & Kimmel, a copartnership composed of the above-named defendants and one Max Laubin. The defense, among other things, set up a defect of parties defendant in that Max

Laubin was a necessary party. The undisputed fact was that Max Laubin was a member of the firm of Goldberg & Kimmel, when the note was made; and, after all the proof was given, and both sides had rested, the plaintiff's counsel made the following motion: "I move to amend the pleadings to conform to the proof, and to change the name of 'Marcus' to 'Max' Laubin as a member of the firm and one of the defendants in this action." Objection was taken by the defendants' counsel to the allowance of the amendment. The amendment was allowed, and defendants excepted. Judgment was thereafter rendered in favor of plaintiff.

It is difficult to understand the precise scope of the desired amendment. Laubin had not been made a party defendant, nor, so far as the record shows, had any motion been previously made to add his name as a defendant. It is therefore impossible to understand what counsel meant by asking the court to change the name of "Marcus" to "Max." There had been neither a Marcus nor Max Laubin described as a defendant. It appears, however, that the justice did, as matter of fact, insert in the original summons the name of "Max Laubin" as an additional defendant, and we will therefore assume that the intention of the amendment was to add the name of "Max Laubin" as a defendant, after both sides had rested the trial of the case. Under the facts established, Max Laubin was a necessary party, and the error of his omission as a party defendant was available to the defendants. Hutton v. Murphy, 9 Misc. Rep. 151, 29 N. Y. Supp. 70. Section 1296 of the consolidation act provides that actions in the municipal court "must be commenced by the voluntary appearance of and joinder of issue by the parties, or by the service of a summons." As there was no appearance on behalf of Laubin, and no service of any summons upon him, the justice clearly had no right to add the name of a third party to the summons after the trial, and thus attempt to acquire jurisdiction over the partnership firm intended to be sued. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.