MAX KEST, Appellant, *v.* MAX B. KIMMEL and MAX GOLDBERG, Respondents.

APPEAL from a judgment rendered in favor of the defendants in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Samuel D. Levy, for appellant.

Parsons & Shick, for respondents.

GREENBAUM, J. This action is founded upon a promissory note made by the firm of Goldberg & Kimmel, a copartnership composed of the above-named defendants and one Max Laubin. The

defense, among other things, set up a defect of parties defendant in that Max Laubin was a necessary party."

The undisputed fact was that Max Laubin was a member of the firm of " Goldberg & Kimmel," when the note was made and after all the proof was given and both sides had rested, the plaintiff's counsel made the following motion: " I move to amend the pleadings to conform to the proof and to change the name of Marcus to Max Laubin as a member of the firm and one of the defendants in this action."

Objection was taken by the defendants' counsel to the allowance of the amendment. The amendment was allowed and defendants excepted. Judgment was thereafter rendered in favor of plaintiff.

It is difficult to understand the precise scope of the desired amendment. Laubin had not been made a party defendant, nor so far as the record shows, had any motion been previously made to add his name as a defendant. It is, therefore, impossible to understand what counsel meant by asking the court to change the name of " Marcus " to " Max." There had been neither a Marcus nor Max Laubin described as a defendant.

It appears, however, that the justice did, as matter of fact, insert in the original summons the name of " Max Laubin " as an additional defendant, and we will, therefore, assume that the intention of the amendment was to add the name of " Max Laubin " as a defendant, after both sides had rested the trial of the case.

Under the facts established Max Laubin was a necessary party and the error of his omission as a party defendant was available to the defendants. Hutton v. Murphy, 9 Misc. Rep. 151.

Section 1296 of the Consolidation Act provides that actions in the Municipal Court " must be commenced by the voluntary appearance of and joinder of issue by the parties, or by the service of a summons." As there was no appearance on behalf of Laubin and no service of any summons upon him, the justice clearly had no right to add the name of a third party to the summons after the trial and thus attempt to acquire jurisdiction over the partnership firm intended to be sued.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.